KARL A. GERBER (State Bar No. 166003)
ANN GULESER (State Bar No. 210790)
E-Mail: aguleser@emplaw.net
EMPLOYMENT LAWYERS GROUP
13418 Ventura Boulevard
Sherman Oaks, California 91423
Telephone: (818) 783-7300

Attorneys for Plaintiff
JUAN CARLOS ROBLES

UNITED STATES DISTRICT COURT

EASTERN DISTRICT, FRESNO DIVISION

| | |
|---|---|
| JUAN CARLOS ROBLES, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>AGRESERVES, INC.; THE CHURCH OF JESUS CHRIST OF LATTER DAY SAINTS; SOUTH VALLEY FARMS dba SOUTH VALLEY ALMOND COMPANY, LLC; JORGE CAMPOS, an individual; JAY PAYNE, an individual; and DOES 1 through 100, inclusive<br><br>Defendants. | CASE NO.: 1:14-CV-00540-AWI-JLT<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR REMAND TO STATE COURT; REQUEST FOR ATTORNEY'S FEES IN THE AMOUNT OF $4,595.00.; DECLARATION OF ANN GULESER**<br><br>Date: June 26, 2014<br>Time: 9:30 a.m.<br>Crtrm.: Suite 200 |

**TO THE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on June 26, 2014, at 9:30 a.m. of the United States District Court located at 510 19th Street, Suite 200, Bakersfield, CA 93301,

the Honorable Jennifer L. Thurston presiding, Plaintiff, Juan Carlos Robles, will appear and move this Court to remand the above captioned action to the Kern County Superior Court on the basis that diversity and federal question jurisdiction do not exist and removal was procedurally defective.

Plaintiff will also move for monetary sanctions against Defendant AgReserves, Inc., and its attorney of record Mr. Richard Marca in the amount of $4,595.00 for attorney fees & costs associated in bringing this motion.

DATED: May 16, 2014

EMPLOYMENT LAWYERS GROUP

By: _____
Karl Gerber
Ann Guleser
ATTORNEYS FOR PLAINTIFF
JUAN CARLOS ROBLES

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff, Juan Carlos Robles, ("Plaintiff") brings the instant motion to remand on the grounds that the above captioned Court, pursuant to 28 U.S.C. §1447(c) lacks subject matter jurisdiction to hear the instant lawsuit.

Defendant's removal based on 28 USC § 1441(b) is inappropriate because diversity jurisdiction does not exist. Two individual defendants, Jorge Campos, and Jay Payne are California residents. Plaintiff served the individual Defendants on March 17, 2014 via substitution of service which is proper because both Defendants lived and worked at Defendant's where they were served. (Decl. of Guleser ¶¶ 4, 5, 6, Exhibits 2, 3) Jay Payne was again served by substituted service on May 13, 2014 at his home which is located in the same property as the Agreserves, Inc.'s ranch. (Decl. of Guleser ¶ 7, Exhibit 4)

There s no federal question jurisdiction because where several claims are joined in the complaint, and alternative state law theories exist for each of those claims, there is no federal question jurisdiction. Federal jurisdiction is not exclusive with respect to Plaintiff's Title VII claims and Plaintiff respectfully requests federal court to decline jurisdiction because state causes of actions are substantially predominant in this case.  (Decl. of Guleser ¶ 11)

In the alternative, Plaintiff respectfully requests the transactoinally unrelated causes of action (Causes of Action Seven, Eight, Nine, Ten, Eleven and Twelve) to

be remanded to state court.

## II. FACTUAL BACKGROUND

Plaintiff filed a complaint in the Kern County Superior Court against Defendants alleging Title VII violations for discrimination based on religion and national origin. Plaintiff's state causes of action include FEHA violations based on religion and national origin harassment, battery, assault, and false imprisonment, wrongful termination, violation of Labor Code Section 1102.5, and IIED. Plaintiff's transitionally unrelated state causes of action include meal and rest break penalty, common count for work and labor performed, reasonable value of work labor performed (quantum meriut), California Labor Code Section 226 penalties, California Labor Code Section 558 penalties, and California Business and Professions Code violations. Only two causes of action out of 16 causes of action are based on Title VII. State law causes of action constitute 87% of this complaint and state law claims substantially predominate this case.

On March 17, 2014 both individual Defendants Jorge Campos and Jay Payne were served by substituted service at the place where they both worked and resided. (Decl. of Guleser ¶¶ 4, 5, 6, Exhibits 2, 3) On April 16, 2014 AgReserves, Inc. filed a motion for removal knowing that the individual Defendants were California residents and were served on March 17, 2014. On May 9, 2014 Defense counsel indicated that their removal would be based on federal question despite the

fact that the removal notice only refers to 28 USC § 1441(b) as the basis for removal. (Decl. of Guleser ¶ 10, Exhibit 7)

### III. LEGAL ANALYSIS

Remand may be ordered either for lack of subject matter jurisdiction or for "any defect in removal procedure." 28 USC § 1447(c), *Buchner v. FDIC* (5th Cir. 1993) 981 F2d 816, 820.

#### A. Procedural Defects

If the state and federal claims are transactionally related, defendants can remove under §1441(b) only if all the Defendants join in the removal notice. *Doe v. Kerwood* (5th Cir. 1992) 969 F2d 165, 168. When fewer than all defendants have joined the notice of removal, the burden is on the removing defendants to explain the absence of the other defendants. *Prize Frize, Inc. v. Matrix (U.S.) Inc.* (9th Cir. 1999) 167 F3d 1261, 1266. absent such explanation, removal notice is "facially deficient" and defect must be cured within 30 days to avoid remand. *Id.*

In this case the individual defendants are not joined to the removal notice even though they were served a month ago and even though FEHA, and Title VII causes of action are transactonally related. (Decl. of Guleser ¶¶ 4, 5, 6, Exhibits 2, 3).

Defendant is inappropriately seeking removal on the basis of diversity of citizenship, 28 U.S.C. § 1441(b), as alleged in their motion page 2, paragraph 1. A

defendant seeking removal has the burden of establishing the basis for removal. *Gaus v. Miles* (9th Cir. 1992) 980 F.3d 564, 566, *Kenneth Rothschild v. Morgan Stanley* (C.D. C.A. 2000) 199 F.Supp.2d 993, 1000.

Defendant failed to establish the basis of removal both on diversity and federal question jurisdiction. Removal statutes are construed restrictively so as to limit removal jurisdiction against removal. *Boggs v. Lewis* (9th Cir. 1988) 863 F.2d 662. 663, *Takeda v. N.W.* (9th Cir. 1985) 765 F.2d 815, 818; Rutter <u>Federal Civil Procedure Before Trial</u>, 2:606 (2005). Doubts as to removability are resolved in favor of remanding the case to state court. *Shamrock Oil v. Sheets* (1941) 313 U.S. 100, 108-109, *Libhart v. S.M. Dairy* (9th Cir. 1979) 592 F.2d 1062, 1064, <u>*Gaus*</u>, *supra*, at p. 566. Doubts as to removal are to be construed in favor of remand. Defendant's hasty filing for removal blatantly disregarded the law and the facts and failed to establish its burden to establish the basis for the removal.

**B.   <u>Federal Jurisdiction Should be Declined Because State Claims Substantially Predominate Over the Federal Claims</u>**

According to 28 U.S.C. §1367 (c) (2) the district courts may decline to exercise supplemental jurisdiction over a claim that they have original jurisdiction if the claim substantially predominates over the claim or claims over which the district court has original jurisdiction. In *James v. Sun Glass Hut of California, Inc.* (D.Colo.1992) 799 F.Supp. 1083, supplemental jurisdiction was not exercised over former employee's state law claims against former employer for breach of contract, promissory estoppel, fraud, negligent misrepresentation, bad faith, and

outrageous conduct, since state claims substantially predominated over lone federal claim under Age Discrimination in Employment Act (ADEA), state claims required elements of proof that were distinct and foreign to ADEA claim, and state claims involved damages not available under ADEA.

In *Forsythe v. Microtouch Systems, Inc.* (Mass.1996) 945 F.Supp. 350, employee's state-law wrongful termination and breach of contract claims against employer "substantially predominated" following dismissal of Title VII claims, and thus continuing jurisdiction would be declined.

In *Szendrey-Ramos v. First BanCorp* (D.Puerto Rico 2007) 512 F.Supp.2d 81, claims under Puerto Rico law for discrimination, retaliation, wrongful discharge, tortious actions infringing plaintiff's rights under the Puerto Rico Constitution, tortious interference with contracts, and defamation substantially predominated over federal claims for gender discrimination and retaliation in violation of Title VII, weighing against exercise of supplemental jurisdiction over the Puerto Rico law claims, where the Puerto Rico law claims outnumbered the federal claims, their scope exceeded that of the federal claims, and they each had elements of proof that were not necessary to establish the Title VII claims.

In *Feezor v. Tesstab Operations Group, Inc.* (S.D.Cal.2007) 524 F.Supp.2d 1222, district court declined to exercise supplemental jurisdiction over disabled restaurant patron's state law civil rights claims under California Unruh Civil Rights Act and Disabled Persons Act (DPA), alleging that he was unable or had difficulty

using or accessing restaurant's public accommodations; although it would have been more convenient to have the suit adjudicated in one action, state law claims substantially predominated over Americans with Disabilities Act (ADA) claims having included a request for significant damages not available under the ADA, and state law claims raised novel and complex issues of state law as to whether patron was required to prove intent to recover damages.

In *OccuNomix Intern. LLC v. North Ocean Ventures, Inc.* (S.D.N.Y.2003) 2003 WL 22240660, 12 of 13 claims asserted in complaint were state law claims seeking to undo corporate transaction, and federal claim under the Electronics Communications Privacy Act (ECPA) and district court declined jurisdiction. In *Gard v. Teletronics Pacing Systems, Inc.* (D.Colo.1994) 859 F.Supp. 1349, the district court declined jurisdiction because facts necessary to prove state law claim of outrageous conduct could not be similar or identical to, nor be said to share common nucleus of operative facts with, federal statutory claims of age discrimination and sexual harassment over which district court had original jurisdiction, and thus exercise of supplemental jurisdiction over the outrageous conduct claim was inappropriate.

In this case, Plaintiff's FEHA claims and claims of FEHA, meal and rest break penalty, common count for work and labor performed, reasonable value of work labor performed (quantum meriut), California Labor Code Section 226 penalties, California Labor Code Section 558 penalties, and California Business

and Professions Code violations substantially predominate the case and district court should decline supplemental jurisdiction. These claims have different elements of proof and different damages than Title VII claims. Plaintiff's claims of IIED and wrongful termination also have different elements of proof and damages and exercising jurisdiction over these claims is not appropriate.

### C. Federal Question Does Not Exist

The critical requirement for general federal question jurisdiction under 28 U.S.C. §1331 is the phrase "*arising under*" federal law. An action "arises under" federal law within the meaning of §1331 if federal law creates the cause of action and/or grants federal jurisdiction to hear the case; or plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. *Empire HealthChoice Assur., Inc. v. McVeigh* (2006) 547 US 677, 699.

A claim supported by alternate theories is not sufficient for federal question jurisdiction unless federal law is essential to each of those theories. *Christianson v. Colt Industries Operating Corp.* (1988) 486 US 800, 810, 108 S.Ct. 2166, 2174. Thus, where *several* claims are joined in the complaint, and alternative state law theories exist for *each* of those claims, there is no federal question jurisdiction. *Duncan v. Stuetzle* (9th Cir. 1996) 76 F3d 1480, 1486; *Dixon v. Coburg Dairy, Inc.* (4th Cir. 2004) 369 F3d 811, 816. In *Duncan,* plaintiff's complaint alleged claims for "misappropriation" of proprietary information and "unfair competition." The

action did not "arise under" federal law where each of those claims could be based *either* on federal patent and trademark law *or* a state trade secrets statute. *Duncan* at 1486.

Here, federal question does not exist because the harassment, discrimination and retaliation claims do not all arise from Title VII. These claims also arise under FEHA. Remedies can be recovered under FEHA as well as Title VII. Federal jurisdiction is not exclusive. Even if the rights arose under federal law this does not mean that only federal courts can enforce them. Many types of "federal" claims are routinely heard in state courts. *Yellow Freight System, Inc. v. Donnelly* (1990) 494 US 820, 821, (Title VII jurisdiction concurrent). There is a "deeply rooted presumption in favor of concurrent state court jurisdiction" in cases "arising under" federal law. *Id.* This presumption can be overcome only by (1) an express statement by Congress, (2) unmistakable implication from the legislative history, or (3) a disabling incompatibility between federal and state adjudication none of which exist here. *Mims v. Arrow Fin'l Services, LLC* (2012) 132 S.Ct. 740, 748, *Tafflin v. Levitt* (1990) 493 US 455, 459–460, (RICO jurisdiction concurrent).

### D. Alternatively, State Claims Should Be Remanded

Whenever a claim or claims arising under federal law are joined with transactionally unrelated state law claims district court shall sever and remand the claims not otherwise coming within the court's federal question or supplemental

Plaintiff's Notice of Motion and Motion for Remand to State Court

jurisdiction. 28 USC § 1441 (c), *Emrich v. Touche Ross & Co.* (9th Cir. 1988) 846 F2d 1190, 1196.

Here, the Court should sever the case and remand the state causes of action of meal and rest break penalty, common count for work and labor performed, reasonable value of work labor performed (quantum meriut), California Labor Code Section 226 penalties, California Labor Code Section 558 penalties, and California Business and Professions Code violations (Causes of Action Seven to Twelve). These causes of action are transactionally unrelated to Title VII claims which are based on race and religious discrimination and they should be remanded to State court.

### E. Lack of Complete Diversity

According to 28 USC § 1441(b) (2) a civil action otherwise removable solely on the basis of the jurisdiction under section 1332 (a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought. A motion for remand lies where there is no diversity of citizenship. *International Primate Protection League v. Administrators of Tulane Ed. Fund* (1991) 500 US 72, 87.

Both individual Defendants Jorge Campos and Jay Payne were served by substituted service at the place where they both worked and resided on March 17, 2014. (Decl. of Guleser ¶ 4, 5, 6, Exhibits 2, 3) Both individual Defendants resided in Defendant's ranch and worked there. Service at their place of

employment and residence was appropriate and destroyed diversity. (Decl. of Guleser ¶¶ 4, 5, 6, Exhibits 2, 3)

### F. Rule 11 Sanctions

Federal courts have authority under FRCP 11 and inherent equitable power to assess attorney fees as sanctions against a party whose litigation conduct is found to be "vexatious" or in "bad faith." *Roadway Express, Inc. v. Piper* (1980) 447 US 752, 766–767, 100 S.Ct. 2455, 2464. Under FRCP 11, the attorney's signature on the removal notice constitutes a "certificate" that "to the best of person's knowledge, information, and belief formed after an inquiry reasonable under the circumstances" the matters stated therein are supportable in fact and law. Thus, an attorney is subject to sanctions for removing an action to federal court without an *objectively reasonable* basis for doing so. 28 USC § 1446(a), *McKinney v. Board of Trustees of Maryland Comm. College* (4th Cir. 1992) 955 F2d 924, 928, *Standridge v. Wal–Mart Stores, Inc.* (ND GA 1996) 945 F.Supp. 252, 254.

The removal notice must be based on *reasonable inquiry* into the jurisdictional facts asserted. It is immaterial that the attorney signing the removal notice *subjectively* (in "good faith") believed the facts alleged were correct if they had *no objectively reasonable basis* for such belief. *Rockwell Int'l Credit Corp. v. United States Aircraft Ins. Group* (9th Cir. 1987) 823 F2d 302, 304–305. If grounds for removal are lacking or there is a defect in removal procedure, the federal court will order a *remand* to the state court and may order defendant to pay

plaintiff "just costs . . . including attorney fees" where the removing party lacked an *objectively reasonable basis* for seeking removal. 28 USC § 1447(c), *Martin v. Franklin Capital Corp.* (2005) 546 US 132, 140–141, 126 S.Ct. 704, 711. Further, a federal court may impose Rule 11 sanctions if it determines the removal was vexatious or in bad faith. *Willy v. Coastal Corp.* (1992) 503 US 131, 139, 112 S.Ct. 1076, 1081.

Plaintiff respectfully requests that sanctions are issued against Defendant AgReserves, Inc. and its counsel for hastily removing this case to Federal Court without diversity of citizenship and federal question. (Decl. of Guleser ¶¶ 3-15) Plaintiff's counsel met and conferred with Defense counsel and explained the lack of diversity and the fact that his conduct warranted Rule 11 sanctions. Defense counsel refused to voluntarily withdraw his removal causing this motion to be filed. (Decl. of Guleser ¶¶ 3, 8, 9, 10, Exhibit 1, 5, 6, 7)  Plaintiff further prays for $4,595.00 in attorney's fees for the time incurred in preparing and filing this motion. (Decl. of Guleser ¶ 12).

### IV.  CONCLUSION

WHEREFORE, Plaintiff prays the case to be remanded to state court because of lack of diversity and federal question jurisdiction. There s no federal question jurisdiction because where several claims are joined in the complaint, and alternative state law theories exist for each of those claims, there is no federal

question jurisdiction. Federal jurisdiction is not exclusive with respect to Plaintiff's Title VII claims and Plaintiff respectfully requests federal court to decline jurisdiction over the entire case because state causes of actions are substantially predominant in this case.

In the alternative, Plaintiff respectfully requests the transactoinally unrelated causes of action (Causes of Action Seven, Eight, Nine, Ten, Eleven and Twelve) to be remanded to state court.

Plaintiff further prays for $4,595.00 in attorney's fees for the time incurred in preparing and filing the instant motion. 28 U.S.C. § 1447(c); *Martin v. Franklin Capital Corp.* (2005) 546 U.S. 132, 136.  (Decl. of Guleser ¶15).

Respectfully submitted,

DATED: May 16, 2014               EMPLOYMENT LAWYERS GROUP

By: _____
Karl Gerber
Ann Guleser
ATTORNEYS FOR PLAINTIFF
JUAN CARLOS ROBLES

## DECLARATION OF ANN GULESER

I Ann Guleser declare as follows:

1. I am an attorney at law duly licensed to practice law before every court in the State of California. I am one of Plaintiff's attorneys of record in this action, and I am familiar with the facts and controversies surrounding this lawsuit.

2. If called upon as a witness herein, I could and would competently testify to the following facts personally known to me.

3. On April 8, 2014, Defendant's counsel Richard Marca indicated that he was representing the individual defendants Jorge Campos and Jay Payne and was authorized to accept service on their behalf. A true and correct copy of the April 8, 2014 correspondence of Mr. Richard Marca is attached herein as Exhibit 1.

4. On March 17, 2014 both individual Defendants Jorge Campos and Jay Payne were served by substituted service at the place where they both worked and resided. Both individual defendants resided in Defendant's ranch and worked there. Service at their place of employment and residence on March 17, 2014 was appropriate. Substituted service of individual defendants that are California residents destroyed diversity.

5. A true and correct copy of the proof of service for Jay Payne is attached here as Exhibit 2.

- 15 -
Plaintiff's Notice of Motion and Motion for Remand to State Court

6. Jay Payne was again served by substituted service on May 15, 2014. The process server's declaration showing Jay Payne was served by substituted service on May 15, 2014 is attached herein as Exhibit 3.

7. A true and correct copy of the proof of service for Jorge Campos is attached here as Exhibit 4.

8. I met and conferred with Defense counsel on April 10, 2014, and May 8, 2014 about lack of diversity of citizenship. A true and correct copy of my April 10, 2014 correspondence is attached as Exhibit 5.

9. A true and Correct copy of my May 8, 2014 correspondence is attached herein as Exhibit 6.

10. Defense counsel refused to voluntarily withdraw his removal causing this motion to be filed. Defendant's May 9, 2014 correspondence is attached herein as Exhibit 7.

11. Plaintiff respectfully requests that sanctions are issued against Defendant AgReserves, Inc. and its counsel for hastily removing this case to Federal Court when the case lacks diversity, federal question did not exist, and state law claims substantially predominated the complaint.

12. I spent 5 hours drafting this motion. I anticipate spending another 6 hours traveling to the hearing of this motion, 4 hours drafting a reply, and travel costs of

approximately $95.00. I charge $300 per hour for matters when I charge clients per hour. I respectfully request $4,595.00 for attorney fees and costs for this motion.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 16th day of May 2014, at Sherman Oaks, California.

*Ann Guleser*

PROOF OF SERVICE
ROBLES V AGRESERVES, INC. ET AL.
U.S.D.C. CASE NO.: 1:14-CV-00540-AWI-JLT

I am employed in the City of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action. My business address is 13418 Ventura Boulevard, Sherman Oaks, CA 91423, on the below date I served the following documents:

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR REMAND TO STATE COURT; REQUEST FOR ATTORNEY'S FEES IN THE AMOUNT OF $4,595.00.; DECLARATION OF ANN GULESER

Gersham Savage
3750 University Avenue, Suite 250
Riverside, CA 92501
*Attorney for Defendants,* AGRESERVES, INC., JORGE CAMPOS, JAY PAYNE

THE CHURCH OF JESUS CHRIST OF LATTER DAY SAINTS
2710 Gateway Oaks Dr. Suite 150N
Sacramento, CA 95833
*Agent for Service of Process*

SOUTH VALLEY FARMS dba SOUTH VALLEY ALMOND COMPANY, LLC
2730 Gateway Oaks Dr.
Sacramento, CA 95833
*Agent for Service of Process*

Said documents were served in each of the following manners as indicated by an "(X)" before such mode of service:

(☒) **BY U.S. MAIL** I caused each such envelope with postage thereon fully prepaid, to be placed in the United States mail at Sherman Oaks, CA on May 16, 2014. I am familiar with the practice of my employer for collection and processing of the correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States mail the same day as it is place for collection.

(☒) **FEDERAL** I declare under the laws of the United States of America that I am employed in the office of a member of the Bar of this Court at whose direction the service was made and that the foregoing is true and correct.

Executed on May 16, 2014, at Sherman Oaks, California.

_____
Sara Justice

Plaintiff's Notice of Motion and Motion for Remand to State Court