# EXHIBIT 1

**GRESHAM | SAVAGE**
ATTORNEYS AT LAW

Richard.Marca@GreshamSavage.com · Riverside Office
(951) 684-2171 · fax (951) 684-2150

April 8, 2014

VIA FACSIMILE – (818) 995-7159
and U.S EXPRESS OVERNIGHT SERVICE

Karl Gerber, Esq.
Ann Guleser, Esq.
EMPLOYMENT LAWYERS GROUP
13418 Ventura Boulevard
Sherman Oaks, CA 91422

Re:   *Juan Carlos Robles v. AgReserves, Inc., et al.*
      Kern County Superior Court Case No. S-1500-CV-28135 DRL

Dear Mr. Gerber and Ms. Guleser:

Our firm was retained to represent and defend AgReserves, Inc. dba South Valley Farms[1], Jorge Campos, and Jay Payne, defendants in the above-referenced matter. I write as a follow-up to correspondence dated March 20, 2014 from Thomas D. Walk of the firm of Kirton|McConkie which you either apparently chose to ignore or have been otherwise consumed with the press of business. On the assumption of the latter and because time is of the essence, please permit me to point out several issues that require your immediate attention.

First, I have authority to speak for additional defendants The Church of the Jesus Christ of Latter Day Saints (the "Church") and South Valley Almond Company, LLC ("SVAC") for the limited purpose of informing you that they are improper defendants who should be dismissed immediately. Under Code of Civil Procedure § 128.7(b), upon signing and filing a complaint and under penalty of possible sanctions, an attorney certifies to the court that after "inquiry reasonable under the circumstances" the complaint contains legal contentions warranted by existing law and that its contentions have or will have evidentiary support. (In the event this case is removed to Federal Court, Federal Rule 11 provides comparable proscriptions and penalties.)

---

[1] South Valley Farms is a dba of AgReserves, Inc. and wrongly identified in the Complaint as an entity form unknown and alleged principal to South Valley Almond Company, LLC., an improper party.


*Since 1910*

SAN BERNARDINO  550 East Hospitality Lane, Suite 300 · San Bernardino, California 92408
RIVERSIDE  3750 University Avenue, Suite 250 · Riverside, California 92501
SAN DIEGO  501 W. Broadway, Suite 800 · San Diego, California 92101
LOS ANGELES  333 South Hope Street, 35th Floor · Los Angeles, California 90071

GreshamSavage.com

A915-000 – 1332860.1

Karl Gerber, Esq.
Ann Guleser, Esq.
EMPLOYMENT LAWYERS GROUP
April 8, 2014
Page 2

Here, there is no evidentiary support, and can be no evidentiary support, for the proposition that the Church or SVAC were somehow employers to Mr. Robles. A simple review of documents readily accessible to you, i.e. Mr. Robles' job application, paystubs and W-2 Forms, all reveal and placed you on constructive notice that his sole employer was AgReserves, Inc. dba South Valley Farms. No doubt, Mr. Robles provided you no information to contradict those indisputable facts.

In addition, in compliance with the reasonable inquiry requirements of Code of Civil Procedure § 128.7(b), a simple public records search should have also revealed that AgReserve, Inc., exists as a stand-alone lawful corporation incorporated on January 10, 1994 (courtesy confirmation copy attached) and that on October 8, 2010, it properly filed a Fictitious Business Name Statement in Kern County identifying South Valley Farms (i.e. Robles' employer) as a fictitious name (courtesy confirmation copy attached).

Accordingly, unless you have some justifiable explanation, I can only conclude that the claims against the Church and SVAC were either made frivolously and in bad faith, or were an oversight that you will wish to correct now that you are placed on formal notice of these facts. To resolve this, the Church and SVAC need to be promptly dismissed. There is no reason Mr. Robles cannot dismiss these two entities immediately without prejudice, and add them back in as defendants later, that is, should you subsequently learn any information that supports valid claims against them. I am certain, however, you will not. Should your client desire some sort of tolling agreement to facilitate these dismissals, I will be glad to help facilitate that option.

Second, none of the defendants have been properly served. As you should know, in any action against a corporation, limited liability company or other unincorporated association, a summons must clearly specify the name of the entity to whom service was made. Code of Civil Procedure § 412.30; see also *MJS Enterprises, Inc. v. Superior Court* (1984) 153 Cal.App.3d 555, 558 (default against corporation void for lack of jurisdiction.) Here, despite use-friendly boxes to check on Judicial Council Form Sum-100, the required section for specification of those entities served was left entirely blank. <u>Nevertheless, I am authorized to accept service for AgReserves, Inc. dba South Valley Farms, Jorge Campos, and Jay Payne, and you may serve me at my office to avoid further service expense.</u>

A915-000 — 1332860.1

Karl Gerber, Esq.
Ann Guleser, Esq.
EMPLOYMENT LAWYERS GROUP
April 8, 2014
Page 3

Third, because of the Title VII claims alleged in the Complaint, I wanted to put you on notice that my clients intend to remove this action to Federal Court. Should you decide your preference is to stay in state court, please advise me by no later than April 11th that you intend to dismiss the Title VII claims by April 14th, due to the short time frame allowed for removal. Otherwise, my office will proceed with the removal filing. Please note: I will construe any nonresponse to this request as an intent to proceed in state court and will inform the District Court of that election, should you later attempt to dismiss the Title VII claims after we have already incurred considerable expense.

Fourth and finally, I intend to proceed immediately with the deposition of your client. I prefer to work with counsel to coordinate scheduling mutually convenient for all and ask that by April 11, 2014 you provide me with available dates for you and Mr. Robles either in late April or May, 2014. However, if available dates are not provided by Friday, in order to maintain deposition priority, I will have no alternative but to unilaterally select a date based upon our availability.

Naturally, if you wish to discuss these or other issues, please do not hesitate to call either me or my partner, Jamie Wrage.

Very truly yours,

Richard D. Marca of
GRESHAM SAVAGE
NOLAN & TILDEN,
A Professional Corporation

Enclosures
cc: clients
Jamie E. Wrage, Esq.

A915-000 -- 1332860.1