Richard D. Marca, Bar #127365
Richard.Marca@GreshamSavage.com
Jamie Wrage, Bar #188982
Jamie.Wrage@GreshamSavage.com
Amy J. Osborne #258353
Amy.Osborne@GreshamSavage.com
**GRESHAM SAVAGE NOLAN & TILDEN,**
**A Professional Corporation**
3750 University Avenue, Suite 250
Riverside, CA  92501-3335
Telephone:    (951) 684-2171
Facsimile:     (951) 684-2150

Attorneys for Defendants,
AGRESERVES, INC. dba SOUTH VALLEY
FARMS, improperly named as SOUTH VALLEY
FARMS dba SOUTH VALLEY ALMOND
COMPANY, LLC.; GEORGE CAMPO an
individual; and JAY PAYNE an individual

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

### FRESNO DIVISION

| | |
|---|---|
| JUAN CARLOS ROBLES, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>AGRESERVES, INC..; THE CHURCH OF JESUS CHRIST OF LATTER DAY SAINTS; SOUTH VALLEY FARMS dba SOUTH VALLEY ALMOND COMPANY, LLC; JORGE CAMPOS, an individual; JAY PAYNE, an individual; and DOES 1 through 100, inclusive<br><br>Defendants. | CASE NO.  1:14-CV-00540-AWI-JLT<br><br>**DEFENDANT GEORGE CAMPO'S ANSWER AND JOINDER AND CONSENT TO REMOVAL** |

Defendant, George Campo (erroneously sued herein as Jorge Campos), on behalf of himself and no others, hereby joins in and consents to the April 16, 2014 removal and to the Amended Notice of Removal filed May 30, 2014, and answers the Complaint filed by Plaintiff herein, and admits, denies and alleges as follows:

GRESHAM|SAVAGE
ATTORNEYS AT LAW
3750 UNIVERSITY AVE.
STE. 250
RIVERSIDE, CA  92501-3335
(951) 684-2171

1

DEFENDANT GEORGE CAMPO'S ANSWER AND CONSENT TO REMOVAL

A915-000 -- 1358315.1

1.     Responding to the allegations in Paragraph 1, Defendant lacks knowledge or information sufficient to admit and on that basis denies each and every allegation contained herein.

2.     Responding to the allegations in Paragraph 2, Defendant admits that Agreserves, Inc. is a corporation doing business in California that employed Plaintiff and at least 15 more people. Except as so admitted, Defendant denies each and every allegation contained in the said paragraph.

3.     Responding to the allegations in Paragraph 3, Defendant lacks knowledge or information sufficient to admit and on that basis denies as this paragraph is directed solely at another Defendant.

4.     Responding to the allegations in Paragraph 4, Defendant denies the allegations as alleged and states affirmatively that the correct entity name for "South Valley Farms" is AGRESERVES, INC., dba SOUTH VALLEY FARMS. SOUTH VALLEY ALMOND COMPANY is a separate entity.

5.     Responding to the allegations in Paragraph 5, Defendant admits that he is a resident of the County of Kern, and was the employee of Defendant AI dba SVF as a foreman and supervisor. Defendant further admits that at times he supervised Plaintiff. Except as so admitted, Defendant denies each and every allegation contained in the said paragraph.

6.     Responding to the allegations in Paragraph 6, Defendant lacks knowledge or information sufficient to admit and on that basis denies as this paragraph is directed solely at another Defendant.

7.     Responding to the allegations in Paragraph 7, Defendant lacks knowledge or information sufficient to admit and on that basis denies each and every allegation contained herein.

8.     Responding to the allegations in Paragraph 8, Defendant admits that Plaintiff worked for Defendant AI dba SVF, from on or about February 4, 2013 earning $8.75 per hour as a temporary general laborer on a spray crew. Except as to so admitted,

GRESHAM SAVAGE
ATTORNEYS AT LAW
3750 UNIVERSITY AVE.
STE. 250
RIVERSIDE, CA  92501-3335
(951) 684-2171

2
DEFENDANT GEORGE CAMPO'S ANSWER AND CONSENT TO REMOVAL

A915-000 -- 1358315.1

Defendant lacks knowledge or information sufficient to admit and on that basis denies the remaining allegations in this paragraph.

9.      Responding to the allegations in Paragraph 9, Defendant denies, generally and specifically, each and every allegation in this paragraph.

10.      Responding to the allegations in Paragraph 10, Defendant denies, generally and specifically, each and every allegation in this paragraph.

11.      Responding to the allegations in Paragraph 11, Defendant lacks knowledge or information sufficient to admit or deny and on that basis denies each and every allegation contained herein.

12.      Responding to the allegations in Paragraph 12, Defendant lacks knowledge or information sufficient to admit or deny and on that basis denies each and every allegation contained herein.

13.      Responding to the allegations in Paragraph 13, Defendant denies, generally and specifically, each and every allegation in this paragraph.

14.      Responding to the allegations in Paragraph 14, Defendant denies, generally and specifically, each and every allegation in this paragraph.

15.      Responding to the allegations in Paragraph 15, Defendant denies, generally and specifically, each and every allegation in this paragraph alleged against him. As to the remaining allegations directed at other Defendants, this Defendant lacks knowledge or information sufficient to admit and on that basis denies each and every remaining allegation.

16.      Responding to the allegations in Paragraph 16, Defendant denies, generally and specifically, each and every allegation in this paragraph.

17.      Responding to the allegations in Paragraph 17, Defendant denies, generally and specifically, each and every allegation in this paragraph alleged against him. As to the remaining allegations directed at other Defendants, this Defendant lacks knowledge or information sufficient to admit and on that basis denies each and every remaining allegation

GRESHAM|SAVAGE
ATTORNEYS AT LAW
3750 UNIVERSITY AVE.
STE. 250
RIVERSIDE, CA  92501-3335
(951) 684-2171

3
DEFENDANT GEORGE CAMPO'S ANSWER AND CONSENT TO REMOVAL

A915-000 -- 1358315.1

18.     Responding to the allegations in Paragraph 18, Defendant hereby incorporates by reference his answers to Paragraphs 1 through 17.

19.     Responding to the allegations in Paragraph 19, Defendant admits that Plaintiff purports to have filed a Charge of Discrimination with the EEOC on or about April 4, 2013, but Defendant alleges that it lacks sufficient knowledge or information to form a belief as to the truth of this claim because the document provided by Plaintiff has a "RECEIVED" stamp dated August 27, 2013. Defendant further admits that, if the document is authentic, the EEOC issued a Notice of Right to Sue (Issued on Request) dated February 6, 2014.

20.     Responding to the allegations in Paragraph 20, Defendant admits that Plaintiff purports to have filed a Charge of Discrimination with the EEOC on or about April 4, 2013, but Defendant alleges that it lacks sufficient knowledge or information to form a belief as to the truth of this claim because the document provided by Plaintiff has a "RECEIVED" stamp dated August 27, 2013. Defendant further admits that, if the document is authentic, the EEOC issued a Notice of Right to Sue (Issued on Request) dated February 6, 2014.

21.     Responding to the allegations in Paragraph 21, Defendant admits that Plaintiff purports to have filed a Charge of Discrimination with the EEOC on or about April 4, 2013, but Defendant alleges that it lacks sufficient knowledge or information to form a belief as to the truth of this claim because the document provided by Plaintiff has a "RECEIVED" stamp dated August 27, 2013. Defendant further admits that, if the document is authentic, the EEOC issued a Notice of Right to Sue (Issued on Request) dated February 6, 2014.

22.     Responding to the allegations in Paragraph 22, Defendant admits that Plaintiff purports to have filed a Charge of Discrimination with the EEOC on or about April 4, 2013, but Defendant alleges that it lacks sufficient knowledge or information to form a belief as to the truth of this claim because the document provided by Plaintiff has a "RECEIVED" stamp dated August 27, 2013. Defendant further admits that, if the

GRESHAM|SAVAGE
ATTORNEYS AT LAW
3750 UNIVERSITY AVE.
STE. 250
RIVERSIDE, CA 92501-3335
(951) 684-2171

4
DEFENDANT GEORGE CAMPO'S ANSWER AND CONSENT TO REMOVAL

A915-000 -- 1358315.1

document is authentic, the EEOC issued a Notice of Right to Sue (Issued on Request) dated February 6, 2014.

23.     Responding to the allegations in Paragraph 23, Defendant denies that he unlawfully harassed Plaintiff. Defendant admits that the cause of action is based on statutes cited and generally the statutes are accurately reflected in the paragraph.

24.     Responding to the allegations in Paragraph 24, Defendant admits that this cause of action is against him for harassment. Defendant denies that he harassed Plaintiff based on Plaintiff's national origin as alleged in Paragraph 9.

25.     Responding to the allegations in Paragraph 25, Defendant denies, generally and specifically, each and every allegation in this paragraph.

26.     Responding to the allegations in Paragraph 26, Defendant denies, generally and specifically, each and every allegation in this paragraph.

27.     Responding to the allegations in Paragraph 27, Defendant denies, generally and specifically, each and every allegation in this paragraph.

28.     Responding to the allegations in Paragraph 28, Defendant denies, generally and specifically, each and every allegation in this paragraph.

29.     Responding to the allegations in Paragraph 29, Defendant denies the conduct alleged and incorporates by reference his responses to paragraphs 11-13.

30.     Responding to the allegations in Paragraph 30, Defendant denies, generally and specifically, each and every allegation in this paragraph.

31.     Responding to the allegations in Paragraph 31, Defendant denies, generally and specifically, each and every allegation in this paragraph.

32.     Responding to the allegations in Paragraph 32, Defendant denies, generally and specifically, each and every allegation in this paragraph.

33.     Responding to the allegations in Paragraph 33, Defendant denies, generally and specifically, each and every allegation in this paragraph.

34.     Responding to the allegations in Paragraph 34, Defendant denies, generally and specifically, each and every allegation in this paragraph.

GRESHAM|SAVAGE
ATTORNEYS AT LAW
3750 UNIVERSITY AVE.
STE. 250
RIVERSIDE, CA 92501-3335
(951) 684-2171

5
DEFENDANT GEORGE CAMPO'S ANSWER AND CONSENT TO REMOVAL

A915-000 -- 1358315.1

35.     Responding to the allegations in Paragraph 35, Defendant hereby incorporates by reference his answers to paragraphs 1 through 34.

36.     Responding to the allegations in Paragraph 36, Defendant admits that Plaintiff purports to have filed a Charge of Discrimination with the EEOC on or about April 4, 2013, but Defendant alleges that he lacks sufficient knowledge or information to form a belief as to the truth of this claim because the document provided by Plaintiff has a "RECEIVED" stamp dated August 27, 2013. Defendant further admits that, if the document is authentic, the EEOC issued a Notice of Right to Sue (Issued on Request) dated February 6, 2014.

37.     Responding to the allegations in Paragraph 37, Defendant admits that Plaintiff purports to have filed a Charge of Discrimination with the EEOC on or about April 4, 2013, but Defendant alleges that he lacks sufficient knowledge or information to form a belief as to the truth of this claim because the document provided by Plaintiff has a "RECEIVED" stamp dated August 27, 2013. Defendant further admits that, if the document is authentic, the EEOC issued a Notice of Right to Sue (Issued on Request) dated February 6, 2014.

38.     Responding to the allegations in Paragraph 38, Defendant admits that Plaintiff purports to have filed a Charge of Discrimination with the EEOC on or about April 4, 2013, but Defendant alleges that he lacks sufficient knowledge or information to form a belief as to the truth of this claim because the document provided by Plaintiff has a "RECEIVED" stamp dated August 27, 2013. Defendant further admits that, if the document is authentic, the EEOC issued a Notice of Right to Sue (Issued on Request) dated February 6, 2014.

39.     Responding to the allegations in Paragraph 39, Defendant admits that Plaintiff purports to have filed a Charge of Discrimination with the EEOC on or about April 4, 2013, but Defendant alleges that he lacks sufficient knowledge or information to form a belief as to the truth of this claim because the document provided by Plaintiff has a "RECEIVED" stamp dated August 27, 2013. Defendant further admits that, if the

GRESHAM SAVAGE
ATTORNEYS AT LAW
3750 UNIVERSITY AVE.
STE. 250
RIVERSIDE, CA  92501-3335
(951) 684-2171

6
DEFENDANT GEORGE CAMPO'S ANSWER AND CONSENT TO REMOVAL

A915-000 -- 1358315.1

document is authentic, the EEOC issued a Notice of Right to Sue (Issued on Request) dated February 6, 2014.

40.     Responding to the allegations in Paragraph 40, Defendant denies that he unlawfully harassed Plaintiff. Defendant admits that the cause of action is based on statutes cited and generally the statutes are accurately reflected in the paragraph.

41.     Responding to the allegations in Paragraph 41, Defendant admits that this cause of action is against him for harassment. Defendant denies that he unlawfully harassed Plaintiff based on Plaintiff's religion.

42.     Responding to the allegations in Paragraph 42, Defendant lacks knowledge or information sufficient to admit or deny and on that basis denies as the allegations in this paragraph are directed solely to other Defendants.

43.     Responding to the allegations in Paragraph 43, Defendant denies, generally and specifically, each and every allegation in this paragraph.

44.     Responding to the allegations in Paragraph 44, Defendant denies, generally and specifically, each and every allegation in this paragraph.

45.     Responding to the allegations in Paragraph 45, Defendant denies, generally and specifically, each and every allegation in this paragraph.

46.     Responding to the allegations in Paragraph 46, Defendant denies, generally and specifically, each and every allegation in this paragraph.

47.     Responding to the allegations in Paragraph 47, Defendant denies, generally and specifically, each and every allegation in this paragraph.

48.     Responding to the allegations in Paragraph 48, Defendant denies, generally and specifically, each and every allegation in this paragraph.

49.     Responding to the allegations in Paragraph 49, Defendant denies, generally and specifically, each and every allegation in this paragraph.

50.     Responding to the allegations in Paragraph 50, Defendant denies, generally and specifically, each and every allegation in this paragraph.

GRESHAM|SAVAGE
ATTORNEYS AT LAW
3750 UNIVERSITY AVE.
STE. 250
RIVERSIDE, CA 92501-3335
(951) 684-2171

7
DEFENDANT GEORGE CAMPO'S ANSWER AND CONSENT TO REMOVAL

A915-000 -- 1358315.1

51.     Responding to the allegations in Paragraph 51, Defendant hereby incorporates by reference his answers to paragraphs 1 through 50.

52.     Responding to the allegations in Paragraph 52, Defendant admits that Plaintiff purports to have filed a Charge of Discrimination with the EEOC on or about April 4, 2013, but Defendant alleges that he lacks sufficient knowledge or information to form a belief as to the truth of this claim because the document provided by Plaintiff has a "RECEIVED" stamp dated August 27, 2013. Defendant further admits that, if the document is authentic, the DFEH issued a Notice of Right to Sue (Issued on Request) dated November 27, 2013.

53.     Responding to the allegations in Paragraph 53, Defendant admits that this cause of action is against him for harassment based on the statutes cited. Defendant denies that he unlawfully harassed Plaintiff under any of the statutes cited.

54.     Responding to the allegations in Paragraph 54, Defendant denies, generally and specifically, each and every allegation in this paragraph.

55.     Responding to the allegations in Paragraph 55, Defendant admits the cause of action is based upon Article I, Section VIII of the California Constitution. Defendant denies the remainder of the allegations.

56.     Responding to the allegations in Paragraph 56, Defendant denies, generally and specifically, each and every allegation in this paragraph.

57.     Responding to the allegations in Paragraph 57, Defendant denies, generally and specifically, each and every allegation in this paragraph.

58.     Responding to the allegations in Paragraph 58, Defendant denies, generally and specifically, each and every allegation in this paragraph.

59.     Responding to the allegations in Paragraph 59, Defendant denies, generally and specifically, each and every allegation in this paragraph.

60.     Responding to the allegations in Paragraph 60, Defendant hereby incorporates by reference his answers to paragraphs 1 through 59.

GRESHAM|SAVAGE
ATTORNEYS AT LAW
3750 UNIVERSITY AVE.
STE. 250
RIVERSIDE, CA  92501-3335
(951) 684-2171

8
DEFENDANT GEORGE CAMPO'S ANSWER AND CONSENT TO REMOVAL

A915-000 -- 1358315.1

61.     Responding to the allegations in Paragraph 61, Defendant admits that Plaintiff purports to have filed a Charge of Discrimination with the EEOC on or about April 4, 2013, but Defendant alleges that he lacks sufficient knowledge or information to form a belief as to the truth of this claim because the document provided by Plaintiff has a "RECEIVED" stamp dated August 27, 2013. Defendant further admits that, if the document is authentic, the DFEH issued a Notice of Right to Sue (Issued on Request) dated November 27, 2013.

62.     Responding to the allegations in Paragraph 62, Defendant denies that he unlawfully harassed Plaintiff. Defendant admits that the cause of action is based on statutes cited and generally the statutes are accurately reflected in the paragraph.

63.     Responding to the allegations in Paragraph 63, Defendant denies the conduct alleged in this paragraph.

64.     Responding to the allegations in Paragraph 64, Defendant denies Mr. Campo unlawfully harassed Plaintiff as alleged. Defendant admits that the cause of action is against Mr. Campo based on the statute cited.

65.     Responding to the allegations in Paragraph 65, Defendant denies, generally and specifically, each and every allegation in this paragraph.

66.     Responding to the allegations in Paragraph 66, Defendant denies, generally and specifically, each and every allegation in this paragraph.

67.     Responding to the allegations in Paragraph 67, Defendant denies, generally and specifically, each and every allegation in this paragraph.

68.     Responding to the allegations in Paragraph 68, Defendant denies, generally and specifically, each and every allegation in this paragraph.

69.     Responding to the allegations in Paragraph 69, Defendant denies, generally and specifically, each and every allegation in this paragraph.

70.     Responding to the allegations in Paragraph 70, Defendant hereby incorporates by reference his answers to paragraphs 1 through 69.

GRESHAM SAVAGE
ATTORNEYS AT LAW
3750 UNIVERSITY AVE.
STE. 250
RIVERSIDE, CA  92501-3335
(951) 684-2171

9
DEFENDANT GEORGE CAMPO'S ANSWER AND CONSENT TO REMOVAL

A915-000 -- 1358315.1

71.     Responding to the allegations in Paragraph 71, Defendant denies, generally and specifically, each and every allegation in this paragraph.

72.     Responding to the allegations in Paragraph 72, Defendant admits that at times he supervised Plaintiff. Except as so admitted, Defendant denies, generally and specifically, each and every other allegation in this paragraph alleged against him. As to the remaining allegations directed at other Defendants, this Defendant lacks knowledge or information sufficient to admit and on that basis denies each and every remaining allegation.

73.     Responding to the allegations in Paragraph 73, Defendant denies, generally and specifically, each and every allegation in this paragraph.

74.     Responding to the allegations in Paragraph 74, Defendant denies, generally and specifically, each and every allegation in this paragraph.

75.     Responding to the allegations in Paragraph 75, Defendant hereby incorporates by reference his answers to paragraphs 1 through 74.

76.     Responding to the allegations in Paragraph 76, Defendant denies, generally and specifically, each and every allegation in this paragraph.

77.     Responding to the allegations in Paragraph 77, Defendant admits that at times he supervised Plaintiff. Except as so admitted, Defendant denies, generally and specifically, each and every other allegation in this paragraph alleged against him. As to the remaining allegations directed at other Defendants, this Defendant lacks knowledge or information sufficient to admit and on that basis denies each and every remaining allegation.

78.     Responding to the allegations in Paragraph 78, Defendant denies, generally and specifically, each and every allegation in this paragraph.

79.     Responding to the allegations in Paragraph 79, Defendant denies, generally and specifically, each and every allegation in this paragraph.

GRESHAM|SAVAGE
ATTORNEYS AT LAW
3750 UNIVERSITY AVE.
STE. 250
RIVERSIDE, CA 92501-3335
(951) 684-2171

80.     Responding to the allegations in Paragraphs 80-103, the allegations in those paragraphs are directed solely to other Defendants, and are not asserted against the responding Defendant, and therefore Defendant does not answer those allegations.

81.     Responding to the allegations in Paragraph 104, Defendant hereby incorporates by reference his answers to paragraphs 1 through 103.

82.     Responding to the allegations in Paragraph 105, Defendant denies Plaintiff's interpretation of the statute cited.

83.     Responding to the allegations in Paragraph 106, Defendant admits that he was, at times, Plaintiff's supervisor. Except as so admitted, Defendant denies, generally and specifically, each and every other allegation in this paragraph alleged against him. As to the remaining allegations directed at other Defendants, this Defendant lacks knowledge or information sufficient to admit and on that basis denies each and every remaining allegation.

84.     Responding to the allegations in Paragraph 107, Defendant denies, generally and specifically, each and every allegation in this paragraph.

85.     Responding to the allegations in Paragraph 108, Defendant denies, generally and specifically, each and every allegation in this paragraph.

86.     Responding to the allegations in Paragraph 109, Defendant denies the conduct attributed to him in this paragraph. The remaining allegations in this paragraph are directed solely at other Defendants, as such Defendant lacks knowledge or information sufficient to admit or deny and on that basis denies.

87.     Responding to the allegations in Paragraph 110, Defendant denies generally and specifically, each and every allegation in this paragraph.

88.     Responding to the allegations in Paragraph 111, Defendant denies, generally and specifically, each and every allegation in this paragraph.

89.     Responding to the allegations in Paragraphs 112-131, the allegations in those paragraphs are directed solely to other Defendants, and are not asserted against the responding Defendant, and therefore Defendant does not answer those allegations.

GRESHAM SAVAGE
ATTORNEYS AT LAW
3750 UNIVERSITY AVE.
STE. 250
RIVERSIDE, CA 92501-3335
(951) 684-2171

11
DEFENDANT GEORGE CAMPO'S ANSWER AND CONSENT TO REMOVAL

A915-000 -- 1358315.1

90.     Responding to the allegations in Paragraph 132, Defendant hereby incorporates by reference his answers to paragraphs 1 through 131.

91.     Responding to the allegations in Paragraph 133, Defendant denies, generally and specifically, each and every allegation in this paragraph.

92.     Responding to the allegations in Paragraph 134, Defendant denies, generally and specifically, each and every allegation in this paragraph.

93.     Responding to the allegations in Paragraph 135, Defendant denies, generally and specifically, each and every allegation in this paragraph.

94.     Responding to the allegations in Paragraph 136, Defendant denies, generally and specifically, each and every allegation in this paragraph.

95.     Responding to the allegations in Paragraph 137, Defendant denies, generally and specifically, each and every allegation in this paragraph.

96.     Responding to the allegations in Paragraphs 138, Defendant denies, generally and specifically, each and every allegation in this paragraph.

97.     Responding to the allegations in Paragraph 139, Defendant denies, generally and specifically, each and every allegation in this paragraph.

98.     Responding to the allegations in Paragraph 140, Defendant denies, generally and specifically, each and every allegation in this paragraph.

99.     Responding to the allegations in Paragraph 141, Defendant denies, generally and specifically, each and every allegation in this paragraph.

100.    Responding to the allegations in Paragraph 142, Defendant hereby incorporates by reference his answers to paragraphs 1 through 141.

101.    Responding to the allegations in Paragraph 143, Defendant denies, generally and specifically, each and every allegation in this paragraph.

102.    Responding to the allegations in Paragraph 144, Defendant denies, generally and specifically, each and every allegation in this paragraph.

103.    Responding to the allegations in Paragraph 145, Defendant denies, generally and specifically, each and every allegation in this paragraph.

GRESHAM SAVAGE
ATTORNEYS AT LAW
3750 UNIVERSITY AVE.
STE. 250
RIVERSIDE, CA 92501-3335
(951) 684-2171

12
DEFENDANT GEORGE CAMPO'S ANSWER AND CONSENT TO REMOVAL

A915-000 -- 1358315.1

104.    Responding to the allegations in Paragraph 146, Defendant denies, generally and specifically, each and every allegation in this paragraph.

105.    Responding to the allegations in Paragraph 147, Defendant denies, generally and specifically, each and every allegation in this paragraph.

106.    Responding to the allegations in Paragraph 148, Defendant denies, generally and specifically, each and every allegation in this paragraph.

107.    Responding to the allegations in Paragraph 149, Defendant denies, generally and specifically, each and every allegation in this paragraph.

108.    Responding to the allegations in Paragraph 150, Defendant denies, generally and specifically, each and every allegation in this paragraph.

## AFFIRMATIVE DEFENSES

As and for affirmative defenses to all causes of action purported to be set forth against him in the complaint herein, this answering Defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

### (No Liability)

The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, because Defendant has complied with and performed fully any and all obligations imposed upon to by law, contract, or equity, and any obligation owed to Plaintiff or has been satisfied, released, or otherwise discharged. Defendant did not commit any wrongful acts as to Plaintiff and, therefore, is not responsible for any damages which he claims.

### SECOND AFFIRMATIVE DEFENSE

### (Authorization of Law)

The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, because any acts and omissions of Defendant was at all times legal and authorized by law.

GRESHAM|SAVAGE
ATTORNEYS AT LAW
3750 UNIVERSITY AVE.
STE. 250
RIVERSIDE, CA  92501-3335
(951) 684-2171

A915-000 -- 1358315.1

### THIRD AFFIRMATIVE DEFENSE

**(Lack of Standing)**

The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, because Plaintiff lacks standing to assert the Complaint or any purported cause of action alleged therein.

### FOURTH AFFIRMATIVE DEFENSE

**(Lack of Specificity)**

The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, because the cause of action for unfair business practices in violation of California Business and Professions Code Section 17200, *et seq.* is barred because it fails to plead specific facts capable of stating a claim for unfair business practices.

### FIFTH AFFIRMATIVE DEFENSE

**(Legitimate Business Purpose)**

The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, because Defendant cannot be liable for any alleged violation of California Business and Professions Code Section 17200, *et seq.* because any such action, conduct, and/or dealings with Plaintiff, was lawful, and were carried out in good faith and for legitimate business and economic considerations.

### SIXTH AFFIRMATIVE DEFENSE

**(Safe Harbor)**

The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, because Plaintiff's claim based upon California Business and Professions Code Section 17200, *et seq.* is barred because the conduct alleged falls within a safe harbor.

GRESHAM SAVAGE
ATTORNEYS AT LAW
3750 UNIVERSITY AVE.
STE. 250
RIVERSIDE, CA  92501-3335
(951) 684-2171

14
DEFENDANT GEORGE CAMPO'S ANSWER AND CONSENT TO REMOVAL

A915-000 -- 1358315.1

## SEVENTH AFFIRMATIVE DEFENSE

### (Civil Penalties Unconstitutional — Due Process)

The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, because the penalties sought in the Complaint violate the Due Process Clauses of the United States and California Constitutions.

## EIGHTH AFFIRMATIVE DEFENSE

### (Civil Penalties Unconstitutional — Excessive Fines)

The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, because the penalties sought in the Complaint violate the Excessive Fines Clauses of the United States and California Constitutions.

## NINTH AFFIRMATIVE DEFENSE

### (Failure to Demonstrate Retaliation)

The Complaint, and the 13th Cause of Action for alleged violation of Labor Code Section 1102.5, is barred, whole or in part, because Plaintiff made no complaint to a governmental entity prior to his termination.

## TENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

For each cause of action in Plaintiff's Complaint, Plaintiff's claims are barred by the applicable statute of limitations, including, without limitation Civil Code Sections 337, 338, 339, 340, and 343, Business & Professions Code Sections 16750.1 and 17208, and Labor Code Section 203.

## ELEVENTH AFFIRMATIVE DEFENSE

### (No Public Deception)

Plaintiff's Complaint, and the causes of action under Business and Professions Code Section 17200, *et seq.*, is barred because Plaintiff cannot show a deception upon the public.

GRESHAM SAVAGE
ATTORNEYS AT LAW
3750 UNIVERSITY AVE.
STE. 250
RIVERSIDE, CA  92501-3335
(951) 684-2171

15
DEFENDANT GEORGE CAMPO'S ANSWER AND CONSENT TO REMOVAL

A915-000 -- 1358315.1

## TWELFTH AFFIRMATIVE DEFENSE

### (Lack of Good Faith)

Plaintiff failed to act in good faith and to deal fairly with Defendant and is therefore precluded from recovery.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Managerial Privilege)

Plaintiff's Complaint and each purported cause of action are barred by Defendant's privilege in exercising appropriate business judgment and managerial discretion.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Civil Code Section 3294)

The Complaint, and each cause of action, fails to state facts sufficient to justify an award of punitive damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Good Faith Dispute)

Plaintiff is not entitled to recover any Labor Code penalties prayed for in the Complaint because Defendant did not act willfully within the meaning of the statute as a good faith dispute exists as to whether he was entitle to additional payments.  8 Cal. Code Regs. § 13520.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Labor Code Section 2856)

Plaintiff's Complaint, and each purported cause of action therein, fails to state a claim for which relief may be granted because Plaintiff was required to substantially comply with all the directions of his employer concerning the service in which Plaintiff was engaged, and such obedience was neither impossible nor unlawful, and did not impose new and unreasonable burdens upon Plaintiff, but he did not so substantially comply in violation of Labor Code Section 2856.

GRESHAM|SAVAGE
ATTORNEYS AT LAW
3750 UNIVERSITY AVE.
STE. 250
RIVERSIDE, CA  92501-3335
(951) 684-2171

16
DEFENDANT GEORGE CAMPO'S ANSWER AND CONSENT TO REMOVAL

A915-000 -- 1358315.1

### SEVENTEENTH AFFIRMATIVE DEFENSE

**(Labor Code Section 2857)**

Plaintiff's Complaint, and each purported cause of action therein, fails to state a claim for which relief may be granted because Plaintiff failed to perform his service in conformity to the usage of the place of performance, in violation of Labor Code Section 2857, and Plaintiff was not otherwise directed by Defendant to perform his service, nor was it impracticable or manifestly injurious to him to do so.

### EIGHTEENTH AFFIRMATIVE DEFENSE

**(Labor Code Section 2858)**

Plaintiff's Complaint, and each purported cause of action therein, fails to state a claim for which relief may be granted because Plaintiff did not exercise a reasonable degree of skill in performing his service, in violation of Labor Code Section 2858, and Defendant did not have notice, before employing him, of this want of skill.

### NINETEENTH AFFIRMATIVE DEFENSE

**(Labor Code Section 2859)**

Plaintiff's Complaint, and each purported cause of action therein, fails to state a claim for which relief may be granted because Plaintiff was bound to use such skill as he possessed for the performance of his service, but Plaintiff did not use such skill in the performance of such service, in violation of Labor Code Section 2859.

### TWENTIETH AFFIRMATIVE DEFENSE

**(Labor Code Section 2854)**

Plaintiffs' Complaint, and each purported cause of action therein, fails to state a claim for which relief may be granted because Plaintiff was bound to use ordinary care and diligence for the performance of his service, but Plaintiff did not use such care and diligence, in violation of Labor Code Section 2854.

GRESHAM SAVAGE
ATTORNEYS AT LAW
3750 UNIVERSITY AVE.
STE. 250
RIVERSIDE, CA  92501-3335
(951) 684-2171

17
DEFENDANT GEORGE CAMPO'S ANSWER AND CONSENT TO REMOVAL

A915-000 -- 1358315.1

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Unclean Hands)

Defendant alleges that the claims in Plaintiff's Complaint are barred by the doctrine of unclean hands with respect to the subject matter of this action.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Exclusive Remedy)

Defendant alleges that any claim by Plaintiff for physical, mental or emotional distress is barred by California Labor Code section 3600 et. seq., which provides that workers' compensation is the Plaintiff's sole and exclusive remedy.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Other Emotional Distress)

Upon information and belief, if Plaintiff suffered emotional distress, which Defendant denies, Plaintiff's emotional distress was caused, in whole or in part, by preexisting conditions unrelated to Plaintiff's employment or termination and/or alternative stressors.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

Upon information and belief, if Defendant acted in a wrongful manner, Plaintiff had a duty to mitigate damages by promptly seeking, obtaining and keeping employment elsewhere.  By the exercise of reasonable effort, Plaintiff could have sought, obtained and kept employment elsewhere of a substantially similar character, but failed and refused to exercise such effort.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Faragher-Ellerth Defense, Avoidable Consequences)

Upon information and belief, Plaintiff is barred from recovery herein because Defendant at all relevant times exercised reasonable care to prevent and correct harassing

GRESHAM SAVAGE
ATTORNEYS AT LAW
3750 UNIVERSITY AVE.
STE. 250
RIVERSIDE, CA  92501-3335
(951) 684-2171

18

DEFENDANT GEORGE CAMPO'S ANSWER AND CONSENT TO REMOVAL

A915-000 -- 1358315.1

1  activity, if any, and that Plaintiff unreasonably failed to take advantage of its preventive
2  or corrective opportunities.

3                    **TWENTY-SIXTH AFFIRMATIVE DEFENSE**

4                               **(Proximate Cause)**

5          Plaintiff's alleged damages were not proximately caused by Defendant.

6                  **TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

7                        **(Additional Affirmative Defenses)**

8          Upon information and belief, Defendant may have additional affirmative defenses

9  available of which Defendant is not fully aware at this present time.  Defendant reserves

10  the right to assert additional affirmative defenses after same have been ascertained.

11

12  Dated:  June 6, 2014                    GRESHAM SAVAGE NOLAN & TILDEN,
                                            A Professional Corporation
13

14                                    By:/s/ Amy J. Osborne
15                                       Richard D. Marca
                                         Jamie Wrage
16                                       Amy J. Osborne
                                         Attorneys for Defendants,
17                                       AGRESERVES, INC. dba SOUTH
                                         VALLEY FARMS, improperly named as
18                                       SOUTH VALLEY FARMS dba SOUTH
                                         VALLEY ALMOND COMPANY, LLC.;
19                                       GEORGE CAMPO an individual; and JAY
                                         PAYNE an individual
20

21

22

23

24

25

26

27

28

GRESHAM|SAVAGE
ATTORNEYS AT LAW
3750 UNIVERSITY AVE.
STE. 250
RIVERSIDE, CA  92501-3335
(951) 684-2171

                              19
DEFENDANT GEORGE CAMPO'S ANSWER AND CONSENT TO REMOVAL

A915-000 -- 1358315.1

## PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF RIVERSIDE

Re:   *Juan Carlos Robles v. AgReserves, Inc, et al.*
United States District Court Case No. 1:14-CV-00540-AWI-JLT

     I am employed in the County of Riverside, State of California.  I am over the age of 18 years and not a party to the within action; my business address is:  3750 University Avenue, Suite 250, Riverside, CA 92501-3335.  On June 6, 2014, I served copies of the within documents described as **DEFENDANT GEORGE CAMPO'S ANSWER AND CONSENT TO REMOVAL** on the interested parties in this action in a sealed envelope addressed as follows:

### See attached Service List

☐   **BY MAIL** - I am "readily familiar" with the firm's practice of collecting and processing correspondence for mailing.  Under that practice, it would be deposited with the United States Postal Service on the same day in the ordinary course of business, with postage thereon fully prepaid at Riverside, California.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒   **BY CM/ECF SYSTEM -** I hereby certify that I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the ECF registrants listed on the attached Service List.

☐   **BY EXPRESS MAIL/OVERNIGHT DELIVERY** - I caused such envelope to be delivered by hand to the office of the addressee via overnight delivery pursuant to C.C.P. § 1013(c), with delivery fees fully prepaid or provided for.

☐   **BY FACSIMILE** - I caused such document to be delivered to the office of the addressee via facsimile machine pursuant to C.C.P. § 1013(e).  Said document was transmitted to the facsimile number of the office of the addressee from the office of Gresham Savage Nolan & Tilden, in Riverside, California, on the date set forth above.  The facsimile machine I used complied with California Rules *of Court*, Rule 2003(3) and no error was reported by the machine.  Pursuant to California *Rules of Court*, Rule 2009(i), I caused the machine to print a record of the transmittal, a copy of which is attached to this declaration.

     I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

     Executed on June 6, 2014, at Riverside, California.

/s/ Summer DeVore
Summer Devore

GRESHAM SAVAGE
ATTORNEYS AT LAW
3750 UNIVERSITY AVE.
STE. 250
RIVERSIDE, CA 92501-3335
(951) 684-2171

1
PROOF OF SERVICE

A915-000 -- 1358315.1

**SERVICE LIST**

Re:   *Juan Carlos Robles v. AgReserves, Inc, et al.*
       United States District Court Case No. 1:14-CV-00540-AWI-JLT

Karl Gerber, Esq.                                      ***Attorneys for Plaintiff,***
Ann Guleser, Esq.                                           ***JUAN CARLOS ROBLES***
EMPLOYMENT LAWYERS GROUP
13418 Ventura Boulevard
Sherman Oaks, CA  91422
*Telephone:*  (818) 783-7300
*Facsimile:*  (818) 995-7159


A copy to chambers is to be delivered as follows:


Hon. Anthony W. Ishii (courier delivery)
United States District Court – Eastern District
Robert E. Coyle US Courthouse
2500 Tulare Street, Eighth Floor
Fresno, CA  93721


Hon. Jennifer L. Thurston (via U.S. Mail only)
United States District Court – Eastern District
510 19th Street, Suite 200
Bakersfield, CA  93301

GRESHAM SAVAGE
ATTORNEYS AT LAW
3750 UNIVERSITY AVE.
STE. 250
RIVERSIDE, CA  92501-3335
(951) 684-2171

2
PROOF OF SERVICE

A915-000 -- 1358315.1