Richard D. Marca, Bar #127365
Richard.Marca@GreshamSavage.com
Jamie Wrage, Bar #188982
Jamie.Wrage@GreshamSavage.com
Amy J. Osborne, Bar #258353
Amy.Osborne@GreshamSavage.com
**GRESHAM SAVAGE NOLAN & TILDEN,**
**A Professional Corporation**
3750 University Avenue, Suite 250
Riverside, CA  92501-3335
Telephone:      (951) 684-2171
Facsimile:      (951) 684-2150

Attorneys for Defendants,
AGRESERVES, INC. dba SOUTH VALLEY FARMS,
improperly named as SOUTH VALLEY FARMS dba
SOUTH VALLEY ALMOND COMPANY, LLC.;
GEORGE CAMPO, an individual; and JAY PAYNE,
an individual

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

### FRESNO DIVISION

| | |
|---|---|
| JUAN CARLOS ROBLES, an individual; | CASE NO. 1:14-CV-00540-AWI-JLT |
| Plaintiff, | **DEFENDANT AGRESERVES, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND TO STATE COURT** |
| vs. | |
| AGRESERVES, INC..; THE CHURCH OF JESUS CHRIST OF LATTER DAY SAINTS; SOUTH VALLEY FARMS dba SOUTH VALLEY ALMOND COMPANY, LLC; JORGE CAMPO, an individual; JAY PAYNE, an individual; and DOES 1 through 100, inclusive | Date:  June 26, 2014<br>Time:  9:30 a.m.<br>Crtrm.: Suite 200 |
| Defendants. | |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

GRESHAM|SAVAGE
ATTORNEYS AT LAW
3750 UNIVERSITY AVE.
STE. 250
RIVERSIDE, CA 92501-3335
(951) 684-2171

**DEFENDANT AGRESERVES, INC.'S OPPOSITION TO PLAINTIFF'S**
**MOTION FOR REMAND TO STATE COURT**

1
2

# Table of Contents

3

I. Introduction ............................................................................................................1

4

II. Relevant History.....................................................................................................2

5

III. Argument ..............................................................................................................3

6

     A.     Removal Was Procedurally Proper........................................................3

7

          1.     The Notice of Removal Informed Robles That The Matter Was
                Being Removed Based Upon A Federal Question.......................................3

8

9

          2.     The Two Individual Defendants Were Not Properly Served Before
                Removal And Did Not Have To Join; They Have Since Answered
                And Joined In The Removal ......................................................................4

10

11

          3.     Any Perceived Procedural Defects Have Been Cured ...............................6

12

     B.     Removal Is Proper Under 28 U.S.C. § 1441(a) Where A Federal Question
          Appears On The Face Of The Complaint .................................................6

13

     C.     The plaintiff's State Law Claims Are Based Upon The Same Set Of Facts
          As This Title VII Claims And They Were Correctly Removed Under 28

14

          U.S.C. § 1441(a) ...................................................................................7

15

     D.     Robles' Arguments For Remand Under 28 U.S.C. § 1441(c) Are
          Inapplicable...........................................................................................9

16

     E.     State Law Claims Do Not Predominate When they Are Based Upon The

17

          Same Set Of Facts, Witnesses, And Evidence .......................................11

18

          1.     An Analysis Of The Facts Pleaded By Robles Reveals That All Of
                His Claims And Causes Of Action Are Inseparable ................................11

19

20

          2.     A Plaintiff Cannot Avoid Removal Simply By Joining State Law
                Claims ..................................................................................................15

21

     F.     There Is No Basis For The Requested Rule 11 Sanctions .....................16

22

IV. Conclusion ..........................................................................................................16

23
24
25
26
27
28

GRESHAM|SAVAGE
ATTORNEYS AT LAW
3750 UNIVERSITY AVE.
STE. 250
RIVERSIDE, CA 92501-3335
(951) 684-2171

i

**DEFENDANT AGRESERVES, INC.'S OPPOSITION TO PLAINTIFF'S
MOTION FOR REMAND TO STATE COURT**

A915-000 -- 1361313.3

# Table of Authorities

**Cases**

*American Fire & Cas. Co. v. Finn*
(1951) 341 U.S. 6 ........................................................................................ 7

*Bahrampour v. Lampert*
(9th Cir. 2012) 356 F.3d 969 ................................................................... 7, 8

*Beecher v. Wallace*
(1967) 381 F.2d 372 ................................................................................... 3

*Burchett v. City of Newport Beach* (1995) 33 Cal.App.4th 1472 ........................ 5

*California Dept. of Water Resources v. Powerex Corp.*
(9th Cir. 2008) 533 F.3d 1087 ................................................................. 11

*City of Chicago v. International College of Surgeons*
(1997) 522 U.S. 156 .............................................................................. 6, 12

*Destfino v. Reiswig*
(9th Cir. 2011) 630 F.3d 952 ................................................................. 5, 6

*Dixon v. Coburg Dairy, Inc.*
(4th Cir. 2004) 369 F.3d 811 ................................................................. 15

*Duncan v. Stuetzle*
(9th Cir. 1996) 76 F.3d 1480 ................................................................. 15

*Ellenburg v. Spartan Motors Chassis, Inc.*
(4th Cir. 2008) 519 F.3d 192 ................................................................... 3

*Emrich v. Touche Ross & Co.*
(9th Cir. 1988) 846 F.2d 1190 ................................................................. 7

*Ettlin v. Harris,*
2013 WL 6178986 ................................................................................... 7

*Executive Software North America, Inc. v. U.S. Dist. Court for Cent. Dist. of California*
(9th Cir. 1994) 24 F.3d 1545 ................................................................. 11

*Feezor v. Tesstab Operations Group, Inc.*
(S.D. Cal. 2007) 524 F.Supp.2d 1222 ................................................... 13

*Forthye v. Microtouch Systems, Inc.*
(Mass. 1996) 945 F.Supp. 350 ............................................................... 12

*Fristoe v. Reynolds Metals Co.*
(9th Cir. 1980) 955 F.2d 316 ................................................................... 6

*Gard v. Teletronics Pacing Systems, Inc.*
(1994) 859 F.Supp. 1349 ........................................................... 12, 14, 15

GRESHAM|SAVAGE
ATTORNEYS AT LAW
3750 UNIVERSITY AVE.
STE. 250
RIVERSIDE, CA 92501-3335
(951) 684-2171

ii

**DEFENDANT AGRESERVES, INC.'S OPPOSITION TO PLAINTIFF'S
MOTION FOR REMAND TO STATE COURT**

A915-000 -- 1361313.3

*Harris v. Capital Growth Investors XIV*
   (1991) 52 Cal.3d 1142 ........................................................................... 7, 13

*Hernandez v. Six Flags Magic Mountain, Inc.*
   (C.D. Cal. 1988) 688 F.Supp. 560 ................................................................. 6

*James v. Sun Glass Hut of Cal., Inc.*
   (D. Colo. 1992) 799 F.Supp. 1083 ................................................................ 12

*Kuxhausen v. BMW Fin'l Services NA LLC*
   (9th Cir. 2013) 707 F.3d 1136 ..................................................................... 6

*Martin v. Franklin Capital Corp.*
   (2005) 546 U.S. 132 ................................................................................. 16

*OccuNomix Intern. LLC v. North Ocean Ventures, Inc.*
   (S.D.N.Y. Sept. 30, 2003) 2003 WL 22240660 .............................................. 13

*Prize Frize, Inc. v. Matrix (U.S.) Inc.*
   (9th Cir. 1999) 167 F.3d 1261 ..................................................................... 5

*Rains v. Criterion Systems, Inc.*
   (9th Cir. 1996) 80 F.3d 339 ........................................................................ 7

*Smith v. Amedisys Inc.*
   (5th Cir. 2002) 298 F.3d 434 ....................................................................... 8

*Szendry-Remy v. First BanCorp*
   (D. P.R. 2007) 512 F.Supp.2d 81 ................................................................ 13

*Wagner v. City of South Pasadena*
   (2000) 78 Cal.App.4th 943 .......................................................................... 5

**Statutes**

28 U.S.C. § 1331 ................................................................................. 3, 7, 17

28 U.S.C. § 1367 .............................................................. 1, 8, 12, 13, 15, 16

28 U.S.C. § 1441 ........................................................................................ 3

28 U.S.C. § 1441(b) ............................................................................. 2, 4, 7

28 U.S.C. § 1441(c) ................................................................................... 10

28 U.S.C. § 1446 ........................................................................................ 3

28 U.S.C. § 1447(c) ................................................................................... 18

42 U.S.C. § 2000 .................................................................................... 1, 4

California Code of Civil Procedure § 415.20(b) ............................................... 5

California Code of Civil Procedure § 415.30(b) ............................................... 6

California Code of Civil Procedure § 415.30(c) ............................................... 6

GRESHAM|SAVAGE
ATTORNEYS AT LAW
3750 UNIVERSITY AVE.
STE. 250
RIVERSIDE, CA 92501-3335
(951) 684-2171

iii

**DEFENDANT AGRESERVES, INC.'S OPPOSITION TO PLAINTIFF'S
MOTION FOR REMAND TO STATE COURT**

A915-000 -- 1361313.3

Title VII of the Civil Rights Act of 1964 ......................................................... 1, 2, 4, 7, 18

**Other Authorities**
Cal. Prac. Guide Civ. Pro. Before Trial Ch. 4-D
    (The Rutter Group 2013 ............................................................................................. 4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

GRESHAM|SAVAGE
ATTORNEYS AT LAW
3750 UNIVERSITY AVE.
STE. 250
RIVERSIDE, CA 92501-3335
(951) 684-2171

**DEFENDANT AGRESERVES, INC.'S OPPOSITION TO PLAINTIFF'S
MOTION FOR REMAND TO STATE COURT**

A915-000 -- 1361313.3

## I.  INTRODUCTION

Plaintiff Juan Robles ("Robles") worked for Defendant AgReserves, Inc. dba South Valley Farms ("AgReserves") for two months.  He then pleaded sixteen different causes of action stemming from that employment, all centered around claims that he was discriminated against, harassed, and retaliated against based upon his national origin and religion.

Robles seeks to remand his entire case despite his first two causes of action being brought under 42 U.S.C. § 2000, *et seq.* for violation of Title VII of the Civil Rights Act of 1964.  If Robles cannot achieve a remand of the entire action back to state court on exaggerated procedural grounds, he seeks to remand all or most of his claims by arguing that this Court either does not have original or supplemental jurisdiction, or that this Court should refuse to exercise supplemental jurisdiction.  In short, it would be an affront to justice to afford a plaintiff, like Robles, who pleads the proverbial "kitchen sink" of claims, to split his claims in two forums so he can present two different faces to two triers of fact and possibly secure inconsistent judgments as a result.  This is particularly true when *all* of the claims arise from the same alleged facts and transactions as evidenced by Robles' own pleadings:

> Plaintiffs (sic) complained of harassment and discrimination by CAMPO based on religion, national origin, and unsafe conditions in the workplace such as unsafe handling of chemicals by CAMPO, unsafe tractor seat, not being allowed to take meal and rest breaks and battery and assault by CAMPO and was fired in retaliation for making all these complaints as alleged in Paragraphs 9-17.

Complaint [Dock. 1.1], ¶117.

In the end, removal was proper under 28 U.S.C. § 1441(a) due to Robles' detailed federal claims for harassment, discrimination, and retaliation under Title VII of the Civil Rights Act of 1964.  Supplemental federal jurisdiction exists under 28 U.S.C. § 1367 over all of Robles' state law claims, which are inextricably related in their facts, evidence, and witnesses.  In the interest of justice, comity, fairness, and judicial economy, one trier of fact should hear all of Robles' claims.  Any other ruling could risk inconsistent rulings between the state and federal courts.

GRESHAM|SAVAGE
ATTORNEYS AT LAW
3750 UNIVERSITY AVE.
STE. 250
RIVERSIDE, CA 92501-3335
(951) 684-2171

1

A915-000 -- 1361313.3

**DEFENDANT AGRESERVES, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND TO STATE COURT**

## II.  RELEVANT HISTORY

On February 27, 2014, Robles filed a Complaint for Damages and Demand for Jury Trial in the Superior Court for the State of California, County of Kern ("the Complaint").   He alleged sixteen different claims based upon his employment and termination against his former employer, AgReserves, and four other defendants, including individuals George Campo ("Campo")[1] and Jay Payne ("Payne").

On March 17, 2014, Robles attempted to serve individual defendants Campo and Payne by substitute service at the office of AgReserves.  Corporate counsel for AgReserves then spoke with Robles' counsel, Ann Guleser, and informed her that local counsel was being retained. Ex. A[2].  After an improper service attempt upon AgReserves itself, new local counsel for AgReserves, Richard Marca, wrote to Ms. Guleser on April 8, 2014 and informed her that none of the defendants had been properly served but that he could accept service for AgReserves, Campo, and Payne.  Marca Dec., ¶ 3; ex. B; see also ex. D (May 12, 2014 letter explaining the service problems on the individual defendants to Robles' counsel in detail).

Eight days later, on April 16, 2014, AgReserves filed an Answer to the Complaint.  On the same date, AgReserves removed the matter to federal court.

The notice of removal to this Court indicated in the very first paragraph that removal was being made because the Complaint presented a federal question based on Robles' claims under a federal statute (Title VII of the Civil Rights Act of 1964).  Def. Agreserve's Inc.'s Notice of Removal [Dock. 1] at ¶1.[3]  AgReserves' notice of the removal to the adverse party also advised that the removal was being filed with the state court "to effect removal pursuant to 28 U.S.C. §§ 1331, 1441, 1446."  Notice to Adv. Party [Dock. 1] at 2.

---

[1]   Incorrectly sued as "Jorge Campo".
[2]   All exhibits cited herein are attached to the concurrently filed Declaration of Richard Marca ("Marca Dec.").
[3]   The citation to 28 U.S.C. § 1441(b), rather than § 1441(a), in the notice pleading was an obvious typographical error given the extended and direct reference to federal question jurisdiction in the same document.  Between this direct reference to federal question jurisdiction and various correspondence with counsel regarding the existence of federal question jurisdiction, Robles has all along been well aware of the basis of removal.  See Marca Dec., ¶¶ 3, 6; exs. B-D. An amendment was filed on May 29, 2014, correcting the typographical reference in the removal notice from (b) to (a).  Def. AgReserves's Inc.'s Amended Notice of Removal [Dock. 5] at 2.

GRESHAM|SAVAGE
ATTORNEYS AT LAW
3750 UNIVERSITY AVE.
STE. 250
RIVERSIDE, CA 92501-3335
(951) 684-2171

2

**DEFENDANT AGRESERVES, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND TO STATE COURT**

As discussed above, at the time of removal, proper service had <u>not</u> been affected on either Campo or Payne.  Marca Dec., ¶ 4.  Consequently, their absence from the removal was explained in the removal notice.  Def. Agreserve's Inc.'s Notice of Removal [Dock. 1] at ¶ 1.  Although there was an attempt to serve Payne *after removal* with the state court summons, that service was ineffective.  *Beecher v. Wallace* (1967) 381 F.2d 372, 373 (a state court summons becomes null and void after removal and a federal summons must be issued to effect service on defendants after that time).

Regardless of lack of proper service, both Campo and Payne have since answered in federal court, on June 6, 2014, and in those answers each joined in the April 16, 2014 removal by AgReserves.  Campo Answer [Dock. 6] at 1; Payne Answer [Dock. 7] at 1.

On May 16, 2014, Robles filed a Motion to Remand to State Court, which AgReserves opposes for the reasons set forth herein.

### III.  ARGUMENT

**A.     REMOVAL WAS PROCEDURALLY PROPER**

> **1.     The Notice of Removal Informed Robles That The Matter Was Being Removed Based Upon A Federal Question**

A notice of removal needs only contain a "short and plain statement of the grounds for removal."  28 U.S.C. § 1446(a).  Liberal notice pleading rules apply to the notice of removal. *Ellenburg v. Spartan Motors Chassis, Inc.* (4th Cir. 2008) 519 F.3d 192, 199.  Here, the notice of removal stated in Paragraph 1:  "The Complaint alleged <u>claims brought under Federal law, including Harassment, Discrimination and Retaliation based upon national origin in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000 et seq., and Harassment Discrimination and Retaliation based upon national origin in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000, et seq.</u>"  Complaint [Dock. 1.1] at 2 (emphasis added.)  Given the liberal pleading standards that apply to removal, this reference to federal question jurisdiction is more than adequate to effect removal under 28 U.S.C. § 1441(a).

The reference in line 1 of page 2 of the notice of removal to § 1441(**b**) rather than to § 1441(**a**) is an obvious typographical error as the entirety of the next paragraph explains federal

GRESHAM|SAVAGE
ATTORNEYS AT LAW
3750 UNIVERSITY AVE.
STE. 250
RIVERSIDE, CA 92501-3335
(951) 684-2171

3
**DEFENDANT AGRESERVES, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND TO STATE COURT**

A915-000 -- 1361313.3

question as the basis for removal.  At worst, this reference to § 1441(b), when considered with the rest of the notice, might somehow indicate removal based upon <u>both</u> federal question jurisdiction and  diversity jurisdiction.  However, when read in conjunction with (a) paragraph 1, describing in detail the federal questions/claims presented; (b) the attached pleadings, including the Complaint containing two causes of action under Title VII of the Civil Rights Act of 1964; and (c) the lack of any reference to diversity or the amount in controversy, there is really no confusion regarding the basis of removal.

In fact, Robles only feigns ignorance of the basis of removal for the purpose of attempting to remand.  His counsel was informed <u>over one week</u> before removal, on April 8, 2014, that because his Complaint contained federal claims, AgReserves intended to remove the case to federal court if his counsel did not indicate by April 11, 2014 that he would dismiss the federal claims.  Marca Dec., ¶ 3; ex. B at 3.  Thus, AgReserves offered Robles the chance to amend his Complaint to dismiss the federal claims to avoid removal and he chose not to take it. *Id*.  Later, on May 9, 2014, when Robles' counsel questioned the removal, AgReserves again informed his counsel that removal was based upon federal question jurisdiction <u>only</u>.  Ex. C.  Robles was the master of his own Complaint and made the conscious decision not to amend his pleadings to prevent removal.  His claim of ignorance of the basis for removal constitutes bad faith and serves only to waste AgReserves' and the Court's time and resources.

**2.    The Two Individual Defendants Were Not Properly Served Before Removal And Did Not Have To Join; They Have Since Answered And Joined In The Removal**

At the time of removal, neither Campo nor Payne had been properly served.  California law requires a good faith attempt at personal service before substitute service can be made on an individual defendant.  This means a plaintiff must show that a summons could not "'with reasonable diligence be personally delivered' to the individual defendant."   CAL. PRAC. GUIDE CIV. PRO. BEFORE TRIAL CH. 4-D (The Rutter Group 2013) at 4-32, ¶ 4:196, citing Cal. Civ. Proc. Code § 415.20(b).  Here, as evidenced by the proofs of service attached to the Motion as Exhibits 2 and 3, there was no attempt to serve either individual defendant at their residence and no good faith effort to serve them at their place of business.  The proof attached to the Motion

GRESHAM|SAVAGE
ATTORNEYS AT LAW
3750 UNIVERSITY AVE.
STE. 250
RIVERSIDE, CA 92501-3335
(951) 684-2171

4
**DEFENDANT AGRESERVES, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND TO STATE COURT**

A915-000 -- 1361313.3

1   shows that service was attempted at the <u>business office</u> for AgReserves <u>at 5:00 p.m. on a Friday</u>

2   and then <u>at 9:32 a.m. on a Saturday</u>; times when Robles could not have reasonably expected to

3   actually find Campo and Payne present at the business office.  Dec. of George Campo ("Campo

4   Dec."), ¶¶ 2-3; Dec. of Jay Payne ("Payne Dec."), ¶¶ 2-3.  These extremely half-hearted service

5   attempts upon Campo and Payne at their place of business were not reasonably diligent,

6   particularly where <u>no effort</u> was made to serve either of them at their homes, where they were

7   available.  *Id.*; see *Burchett v. City of Newport Beach* (1995) 33 Cal.App.4th 1472, 1477 (no

8   "reasonable diligence" when service is made upon city clerk for individual city employee

9   without attempt to serve at residence).  As a result, through their counsel, both Campo and Payne

10  objected to the sufficiency of process.  Exs. B & D.  For the purpose of removal, the objection to

11  service was "equated to lack of service".  See *Prize Frize, Inc. v. Matrix (U.S.) Inc.* (9th Cir.

12  1999) 167 F.3d 1261, 1266.

13      To try to correct the service problems, at the request of Mr. Marca for a form that could

14  be signed and returned, on April 11, 2014, counsel for Robles mailed notice and

15  acknowledgement of receipt forms to Mr. Marca for both Campo and Payne.  Marca Dec., ¶ 4.

16  The case was removed to this Court five days later on April 16, 2014.  Service by

17  acknowledgement form is effective only *when the defendant signs* the acknowledgement form,

18  which had not happened as of the date of removal for either Campo or Payne.  CAL. PRAC. GUIDE

19  CIV. PRO. BEFORE TRIAL CH. 4-D (The Rutter Group 2013), ¶ 4:235, citing Cal Civ. Proc. Code §

20  415.30(c); *Wagner v. City of South Pasadena* (2000) 78 Cal.App.4th 943, 948; Marca Dec., ¶ 5.[4]

21      Thus, as of removal, neither Campo nor Payne had been served properly pursuant to

22  California law, and they had both objected to Robles' invalid attempt at substitute service.

23  Unserved or improperly served defendants do not have to join in removal.  *Destfino v. Reiswig*

24  (9th Cir. 2011) 630 F.3d 952, 955.  Therefore, Campo and Payne properly did not join in the

25

26  _____
    [4]  While there is no requirement that acknowledgement forms be returned, unless a defendant
27  signs and returns the form within 20 days of service, the defendant can be liable for extra service
    expense.  Cal. Civ. Proc. Code § 415.30(b).  The acknowledgement forms here were sent <u>only</u>
28  <u>five days before the removal</u> and under no argument were they due to be returned as of the date
    of removal.  See Marca Dec., ¶ 4.

GRESHAM|SAVAGE
ATTORNEYS AT LAW
3750 UNIVERSITY AVE.
STE. 250
RIVERSIDE, CA 92501-3335
(951) 684-2171

5

**DEFENDANT AGRESERVES, INC.'S OPPOSITION TO PLAINTIFF'S
MOTION FOR REMAND TO STATE COURT**

1   removal on the date of removal.  As discussed below, however, they have both since answered

2   and joined in the removal.

3           **3.        Any Perceived Procedural Defects Have Been Cured**

4           Although AgReserves disputes the existence of defects in the removal process, even if

5   Robles were correct, defects in removal procedures are not jurisdictional, and are curable, so

6   long as the case was removable at the time of removal.  *Fristoe v. Reynolds Metals Co.* (9th Cir.

7   1980) 955 F.2d 316, 321.  First, defects in the form or content of the removal can be cured by

8   amendment.  *Kuxhausen v. BMW Fin'l Services NA LLC* (9th Cir. 2013) 707 F.3d 1136, 1142.

9   In an abundance of caution, based upon Robles' argument, AgReserves filed an amendment to

10  the notice of removal changing the reference in line 1 on page 2 from § 1441(b) to § 1441(a).

11  Def. AgReserves's Inc.'s Amended Notice of Removal [Dock. 5] at 2.

12          Second, the alleged failure to have all defendants sign or consent to the notice of removal

13  is also a curable defect.  *Destfino*, at 956-57; *Hernandez v. Six Flags Magic Mountain, Inc.* (C.D.

14  Cal. 1988) 688 F.Supp. 560, 562-63.  Both individual defendants here, Campo and Payne, joined

15  in and consented to the notice of removal and its amendment in their answers filed on June 6,

16  2014.  Campo Dec., ¶ 4; Payne Dec., ¶ 4.

17          Accordingly, Robles' defect arguments can be disregarded.

18  **B.     REMOVAL IS PROPER UNDER 28 U.S.C. § 1441(a) WHERE A**

19          **FEDERAL QUESTION APPEARS ON THE FACE OF THE COMPLAINT**

20          Any civil action that could have originally been brought in federal court can be removed

21  by a defendant.  28 U.S.C. § 1441(a).  Federal district courts have original jurisdiction over any

22  actions "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331;

23  *City of Chicago v. International College of Surgeons* (1997) 522 U.S. 156, 166 (a district court's

24  "original jurisdiction derives from [a plaintiff's] federal claims, not its state law claims").  Title

25  VII employment discrimination claims are based upon the law of the United States, specifically

26  42 U.S.C. §2000e (Title VII of the Civil Rights Act of 1964).  Accordingly, the removal of

27  Robles' state court complaint based upon his federal Title VII claims in the First and Second

28  Causes of Action was entirely proper.  28 U.S.C. § 1441(a).

GRESHAM|SAVAGE
ATTORNEYS AT LAW
3750 UNIVERSITY AVE.
STE. 250
RIVERSIDE, CA 92501-3335
(951) 684-2171

6
**DEFENDANT AGRESERVES, INC.'S OPPOSITION TO PLAINTIFF'S
MOTION FOR REMAND TO STATE COURT**

A915-000 -- 1361313.3

1    The only exception to this rule would be where Congress has specifically prohibited

2    removal of a certain federal claim once it is filed in state court.  *Emrich v. Touche Ross & Co.*

3    (9th Cir. 1988) 846 F.2d 1190, 1196.  There is no exception here as Congress has never

4    prohibited removal of Title VII claims.

5         As the Ninth Circuit has long recognized, a plaintiff is "the master of his case."  *Id.*   A

6    plaintiff who wants to avoid removal to federal court can base his claims on state law rather than

7    asserting a parallel federal right.  *Id.*  Here, Robles chose to assert claims arising under federal

8    law (Title VII) and must now live with the consequences in the form of removal.  See *Rains v.*

9    *Criterion Systems, Inc.* (9th Cir. 1996) 80 F.3d 339, 344 (a plaintiff can avoid removal based

10   upon Title VII by bringing only state law wrongful termination claims).  Even when given the

11   opportunity to avoid removal by dismissing his federal claims, Ex. 2, Robles chose not to take it.

12   **C.    THE PLAINTIFF'S STATE LAW CLAIMS ARE BASED UPON THE**

13   **SAME SET OF FACTS AS HIS TITLE VII CLAIMS AND THEY WERE**

14   **CORRECTLY REMOVED UNDER 28 U.S.C. § 1441(a)**

15        When a district court has original jurisdiction over some claims in a civil case, the court

16   has supplemental jurisdiction under 28 U.S.C. § 1367 over all related claims that are part of the

17   same "case or controversy".  "A state law claim is part of the same case or controversy when it

18   shares a 'common nucleus of operative fact' with the federal claims, and the state and federal

19   claims would normally be tried together."  *Bahrampour v. Lampert* (9th Cir. 2012) 356 F.3d 969,

20   978.

21        A plaintiff cannot avoid supplemental jurisdiction simply by asserting claims in different

22   causes of action.  Rather, claims are part of the same "case or controversy" when they are based

23   upon the same wrongs inflicted on the plaintiff under the same set of facts or transactions.

24   *American Fire & Cas. Co. v. Finn* (1951) 341 U.S. 6, 13; *Emrich,* 846 F.2d at 1197; *Ettlin v.*

25   *Harris* (C.D. Cal., Nov. 22, 2013) 2013 WL 6178986 at *5.

26        Applying this to 28 U.S.C. § 1441(a), all state law claims based upon the same "case or

27   controversy" are properly removed with the related federal claim(s) due to the existence of

28   supplemental federal jurisdiction.  For example, in *Ettlin v. Harris,* 2013 WL 6178986, the

GRESHAM|SAVAGE
ATTORNEYS AT LAW
3750 UNIVERSITY AVE.
STE. 250
RIVERSIDE, CA 92501-3335
(951) 684-2171

7

**DEFENDANT AGRESERVES, INC.'S OPPOSITION TO PLAINTIFF'S
MOTION FOR REMAND TO STATE COURT**

plaintiff asserted causes of action for federal civil rights violations and federal RICO violations that arose from two sets of events:  an encounter with police during an Occupy LA event and his attempts to litigate his civil rights claims.  *Id.* at *5.  All of the plaintiff's state law claims arose from these same two events.  Accordingly, the plaintiff's state law claims shared a "'common nucleus of operative fact' with [his] federal claims" and were properly removed under 28 U.S.C. § 1441(a).  *Id.;* citing *Bahrampour*, 356 F.3d at 978.  In short, they were all part of the same "case or controversy".

The Fifth Circuit reached a similar conclusion in an employment law case in *Smith v. Amedisys Inc.* (5th Cir. 2002) 298 F.3d 434, 439.  *Smith* involved an employee's Title VII claims along with related state law employment claims.  The Fifth Circuit concluded that when the aggrieved employee filed her series of employment claims (harassment, discrimination, retaliation, and infliction of emotional distress), the series of transactions upon which those claims were based were substantially related, making removal of all claims proper.  *Id.* at 440. In holding that there was no discretion to remand any of the employee's state law claims under § 1441(a), the court noted that the proof required for the employee to prove her federal and state employment claims involved substantially the same facts and witnesses, and the various claims against the employer and the individual defendants were therefore "simply different theories of recovery."  *Id.*

Here, Robles' federal and state law claims involve substantially the same facts and witnesses.  Every one of Robles' sixteen causes of action is based upon events that occurred during his *two months of employment* at AgReserves—February 3, 2013 to April 2, 2013. Complaint [Dock. 1.1] at 4.  During that two-month period Robles alleges that Campo harassed, discriminated, retaliated against, assaulted, and falsely imprisoned him based upon Robles' national origin and his religion, and for complaining about not getting his breaks and unsafe work practices.  E.g., *id.* at ¶¶ 9, 10, 15-17.  Robles also insists that when he complained to AgReserves and Payne about these events, he was fired in retaliation and falsely imprisoned.  *Id.* at 12-14.  The proof that Robles would have to present for all of his claims and that AgReserves would have to present in its defense would be substantially the same as the claims are of the sort

**DEFENDANT AGRESERVES, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND TO STATE COURT**

GRESHAM|SAVAGE
ATTORNEYS AT LAW
3750 UNIVERSITY AVE.
STE. 250
RIVERSIDE, CA 92501-3335
(951) 684-2171

1    that would normally be tried together.  The state law claims are therefore part of the "same case

2    or controversy" and supplemental jurisdiction allowed their removal under 28 U.S.C. § 1441(a).

3    **D.    ROBLES' ARGUMENTS FOR REMAND UNDER 28 U.S.C. § 1441(c) ARE**

4    **INAPPLICABLE**

5         Robles' argument that the state law clams can be remanded under § 1441(c)(2) are

6    incorrect.  As discussed above, all of the state law claims in his Complaint are claims for which

7    this Court has <u>supplemental jurisdiction</u>, making § 1441(c) entirely inapplicable.  Even if this

8    Court were to apply § 1441(c)(2), that section specifically provides that it is only appropriate to

9    sever and remand those claims that are *transactionally unrelated*.  As discussed in the

10   commentary on the 1990 revisions to § 1441(c), one of the purposes of § 1441 was to "avoid

11   piecemeal litigation by permitting the federal court to address and dispose of, on the merits, all of

12   the claims asserted, at least when the others had some kind of logical relationship to the claim

13   that acted as the federal touchstone."  28 U.S.C.A. § 1441 (West) (Comm. Rev. 1990).

14        Robles' Motion suggests that remand under § 1441(c)(2) should apply to six of the

15   sixteen causes of action (the Seventh to Twelfth Causes of Action), essentially admitting that

16   original or supplement jurisdiction exists for the other ten causes of action.  Motion at 11.  In

17   reality, the Seventh to Twelfth Causes of Action are also transactionally related to Robles' Title

18   VII claims.

19        Reading the Complaint as a whole, Robles' allegations cannot be separated out.  The

20   Seventh through Twelfth Causes of Action are all claims related to the allegation that Campo

21   refused to provide Robles with his proper breaks while he was employed.  Each of the six claims

22   *incorporates the allegations* that due to unlawful discrimination based upon national origin and

23   religion, Campo forced Robles to work through breaks and when Robles complained, Campo

24   assaulted Robles, falsely imprisoned him, and then retaliated against him.  Complaint [Dock.

25   1.1.] ¶¶ 15-16.  Each of these six causes of action argues that Robles is due either unpaid wages

26   or penalties because he was forced to work without breaks.  Robles tied all of his allegations to

27   discrimination, harassment and retaliation together nicely in paragraph 117 of his Complaint:

28

GRESHAM|SAVAGE
ATTORNEYS AT LAW
3750 UNIVERSITY AVE.
STE. 250
RIVERSIDE, CA 92501-3335
(951) 684-2171

9

**DEFENDANT AGRESERVES, INC.'S OPPOSITION TO PLAINTIFF'S
MOTION FOR REMAND TO STATE COURT**

A915-000 -- 1361313.3

1  
2  
3  
4  

> Plaintiffs (sic) complained of harassment and discrimination by CAMPO based on religion, national origin, and unsafe conditions in the workplace such as unsafe handling of chemicals by CAMPO, unsafe tractor seat, not being allowed to take meal and rest breaks and battery and assault by CAMPO and was fired in retaliation for making all these complaints as alleged in Paragraphs 9-17.

5  As this language demonstrates, all of Robles' allegations are inextricably intertwined.

6  Robles asserts that Campo mistreated him based upon his national origin and religion, including

7  refusing to give him meal and rest periods, subjecting him to unsafe working conditions, and

8  assaulting him.  To defend against Robles' allegations of unlawful discrimination harassment

9  and retaliation under Title VII, AgReserves will have to address Robles' claims, determining

10  whether and when he did not get a meal or rest period; why Robles claims his failure to get meal

11  and rest periods was a result of his national origin and religion; whether, when, and how Robles

12  complained to Campo about not getting meal and rest periods; and what evidence he has that he

13  was retaliated against by AgReserves or Payne for complaining about not getting his meal and

14  rest periods (or for any other reason).[5]

15  Since the claims are all related, it would make no logical sense to remand the meal and

16  rest period claims.  The witnesses and evidence on these issues before this Court will be the

17  same—the witness testimony of Robles, Payne, Campo, and other employees of AgReserves,

18  and the policies and records of AgReserves.  A state court proceeding would only duplicate the

19  federal case, on a much smaller scale, and leave open the possibility of inconsistent results.

20  Remanding these six causes of action would be a particularly unfair and a large waste of judicial

21  and litigant resources given that Robles is only complaining about his employment from

22  February to April 2013, a two-month period.  That means, assuming it were true that Robles was

23  denied *every* meal and rest period, only 40 of each are at issue.  Such allegations can easily be

24  adjudicated along with his remaining claims.

25  
26  
27  
28  

---

[5]  All of which AgReserves, Payne, and Campo deny.

GRESHAM|SAVAGE
ATTORNEYS AT LAW
3750 UNIVERSITY AVE.
STE. 250
RIVERSIDE, CA 92501-3335
(951) 684-2171

10

**DEFENDANT AGRESERVES, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND TO STATE COURT**

A915-000 -- 1361313.3

**E.  STATE LAW CLAIMS DO NOT PREDOMINATE WHEN THEY ARE BASED UPON THE SAME SET OF FACTS, WITNESSES, AND EVIDENCE**

**1.  An Analysis Of The Facts Pleaded By Robles Reveals That All Of His Claims And Causes Of Action Are Inseparable**

Citing to 28 U.S.C. § 1367(c), Robles' Motion argues, based in large part upon the number of state law claims he has alleged, that the Court should decline to exercise jurisdiction over Robles' state law claims because they predominate over federal claims.  Motion at 4, 6-9.  Where there are substantial federal issues, federal courts have broad authorization to assert supplemental jurisdiction over state law claims if the claims derive from a "common nucleus of operative fact" and are such that the plaintiff "would ordinarily be expected to try them all in one judicial proceeding." *Executive Software North America, Inc. v. U.S. Dist. Court for Cent. Dist. of California* (9th Cir. 1994) 24 F.3d 1545, 1552, overruled on other grounds by *California Dept. of Water Resources v. Powerex Corp.* (9th Cir. 2008) 533 F.3d 1087.  When considering whether to exercise supplemental jurisdiction, courts "should be guided by considerations of 'judicial economy, convenience, fairness and comity.'" *Id.*  As a result, § 1367(c) provides only certain circumstances under which a court "may decline to exercise supplemental jurisdiction" over state law claims in the same action:

> if—
> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

*Executive Software North America* 24 F.3d at 1556 ("By selecting this statutory structure, it is clear that Congress intended section 1367(c) to provide the exclusive means by which supplemental jurisdiction can be declined by a court".  Consequently, supplemental jurisdiction is a fact-driven analysis, particularly when reviewing the assertion that state claims "substantially predominate" over the federal.  *Gard v. Teletronics Pacing Systems, Inc.* (1994) 859 F.Supp.

**DEFENDANT AGRESERVES, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND TO STATE COURT**

GRESHAM|SAVAGE
ATTORNEYS AT LAW
3750 UNIVERSITY AVE.
STE. 250
RIVERSIDE, CA 92501-3335
(951) 684-2171

A915-000 -- 1361313.3

1349, 1353; *City of Chicago*, 522 U.S. at 534 (the court must review a "host of factors …

including the circumstances of the particular case, the nature of the state law claims, the

character of the governing state law, and the relationship between the state and federal claims").

Where the underlying facts are similar or identical, the state law claims do not predominate:

> The test for predominance is an analysis of the facts which must be
> proved relative to each claim.  **If these facts are similar or
> identical, it cannot be said the state clams predominate over
> the federal claim or the scope of the case would be expanded.**
> *Id.* (emphasis added).

In this instance, when "the evidence involved in the state claim[s] would be substantially the

same in scope and source" as the evidence in the federal claims, the district court must exercise

supplemental jurisdiction.  *Id*.  Nevertheless, as support for the bold proposition that the Court

should remand <u>all</u> of his state law claims (even those identical to his federal claims), Robles cites

various cases, none of which present a similar factual or legal scenario to the case at hand.

First, in *James v. Sun Glass Hut of Cal., Inc.* (D. Colo. 1992) 799 F.Supp. 1083, the state

law claims were not all based upon the same facts and allegations as the federal claims.  *Id.* at

1083.  In *James,* the plaintiff was making claims under an employment contract subject to

Colorado state law (contract claims) and fraud claims.  *Id.* at 1084-85.  Considering this as a

whole, the district court declined supplemental jurisdiction over the state law claims because the

contract and fraud issues predominated over plaintiff's single federal age discrimination claim.

*Id.*

The Massachusetts case cited by Robles, *Forthye v. Microtouch Systems, Inc.* (Mass.

1996) 945 F.Supp. 350, is likewise inapposite because of the procedural and factual differences

between it and the case at hand.  *Forthye* involved a Title VII sex discrimination case that was

remanded *after the dismissal of all federal claims* on summary judgment except for one small

part of a claim involving a discretionary component of plaintiff's bonus.  *Id.* at 358.  After the

heart of the federal claims were dismissed, the district court found that the state law claims,

which all remained intact and involved different facts, predominated over of the one remaining

federal claim.  *Id.*  The state law claims were therefore remanded.

GRESHAM|SAVAGE
ATTORNEYS AT LAW
3750 UNIVERSITY AVE.
STE. 250
RIVERSIDE, CA 92501-3335
(951) 684-2171

12

**DEFENDANT AGRESERVES, INC.'S OPPOSITION TO PLAINTIFF'S
MOTION FOR REMAND TO STATE COURT**

A915-000 -- 1361313.3

Also inapposite is the case of *Szendry-Remy v. First BanCorp* (D. P.R. 2007) 512 F.Supp.2d 81, a case involving a claim of discrimination by a former corporate general counsel. On a motion to dismiss by defendants (again, no motion for remand), the Court noted that the Puerto Rico law claims presented "complex or novel issues of state law" regarding lawyer ethics and confidentiality. *Id.* at 87. This coupled with the number and nature of the many state law claims lead to the remand. Here, there is no complex or novel issue of state law presented by Robles that might lead to a similar conclusion, nor does Robles even make that argument in his Motion.

In *Feezor v. Tesstab Operations Group, Inc.* (S.D. Cal. 2007) 524 F.Supp.2d 1222, the defendant sought "to have the court decline supplemental jurisdiction claiming that the state law claims substantially predominate over the ADA claim and are novel and complex." *Id.* at 1224. Once again, novel and complex state law issues lead to remand. The district court agreed "that due to recent developments in California [disability discrimination] law, plaintiff's state law claims raise novel or complex issues of state law" because plaintiff had to "'plead and prove intentional discrimination in public accommodations,'" which was a different standard than under the ADA. *Id.,* quoting *Harris v. Capital Growth Investors XIV* (1991) 52 Cal.3d 1142, 1172, superseded by statute.

The plaintiff in *OccuNomix Intern. LLC v. North Ocean Ventures, Inc.* (S.D.N.Y. Sept. 30, 2003) 2003 WL 22240660 sued for breach of contract, fraud, and violation of the Electronics Communications Privacy Act. *Id.* at *1. The plaintiff moved to ask the district court to abstain from exercising jurisdiction over the one federal claim, which the district court agreed instead to dismiss, finding abstention inappropriate. *Id.* at *1-*2. The district court declined jurisdiction over the twelve state law breach of contract and fraud claims because the one federal cause of action was "only tangentially related to the real subject of [the] dispute," which involved a "complex and contested corporate transaction" that the plaintiff was seeking to undo. *Id.* at *1. Noting that this was the type of case where the one federal claim was the proverbial tail wagging the dog, the district court declined to exercise supplemental jurisdiction because the "the 'substantially predominates' standard of § 1367(c)(2) [was] easily met." *Id.* Again, these facts

GRESHAM|SAVAGE
ATTORNEYS AT LAW
3750 UNIVERSITY AVE.
STE. 250
RIVERSIDE, CA 92501-3335
(951) 684-2171

13

**DEFENDANT AGRESERVES, INC.'S OPPOSITION TO PLAINTIFF'S
MOTION FOR REMAND TO STATE COURT**

1  are entirely misplaced as a comparison to the Complaint before this Court where all of Robles'

2  claims stem for the same events and transactions that occurred during his two-month

3  employment.

4      Oddly, Robles finally cites to *Gard v. Teletronics,* where the district court found that all

5  except one of the plaintiff's state law claims were related to the plaintiff's single federal claim

6  under Title VII and the ADEA because the evidence involved in the state claims was

7  substantially the same in scope and source.  859 F.Supp. at 1353.  All of Gard's claims arose

8  from her employment termination.  *Id.*  The "majority of the facts necessary to prove Gard's

9  claims, and the exhibits in support thereof, would require an identical proceeding in state court."

10 *Id.*  The witness testimony was essential to proving her claims of sexual harassment and age

11 discrimination, along with her state law claims.  *Id.*  The district court therefore concluded that it

12 "must exercise supplemental jurisdiction."  *Id.*

13     The *Gard* court did dismiss plaintiff's outrageous conduct claim, finding it did not share

14 a common nucleus of operative facts with the federal statutory claims.  *Id.* at 1354.  Here, by

15 comparison, Robles' Sixteenth Cause of Action for Intentional Infliction of Emotional Distress

16 lists all of the same conduct by AgReserves, Campo, and Payne as the basis for this IIED claim

17 as he does for his Title VII federal claims, including harassment based upon national origin,

18 harassment based upon religion, retaliation, false imprisonment, assault, and battery.  Complaint

19 [Dock. 1.1], ¶¶ 143-145.

20     Notably absent from Robles' list of case law is any case where a district court has found

21 that  the types of California state law employment claims Robles has pleaded to be so different in

22 their proof or operation as to justify refusal to exercise supplemental jurisdiction.  AgReserves

23 asserts that that the majority of the facts, witnesses, and exhibits necessary to prove Robles'

24 federal and state law claims would require an identical proceeding in state court if the state law

25 claims were remanded.  Considerations of judicial economy, convenience, fairness, and comity

26 all weigh in favor of having Robles litigate his claims in one lawsuit.

27     28 U.S.C. § 1367(c) is not just a tool to allow parties to avoid federal court.  In addition

28 to wasting judicial and litigant resources, remand here could well result in conflicting rulings.

GRESHAM|SAVAGE
ATTORNEYS AT LAW
3750 UNIVERSITY AVE.
STE. 250
RIVERSIDE, CA 92501-3335
(951) 684-2171

14

**DEFENDANT AGRESERVES, INC.'S OPPOSITION TO PLAINTIFF'S
MOTION FOR REMAND TO STATE COURT**

As stated succinctly by the district court in *Gard*:  "Our judicial system encompasses both state and federal courts.  It makes no sense to occupy both with duplicative proceedings."  859 F.Supp. at 1355.  AgReserves respectfully requests that the Court exercise supplemental jurisdiction over all of the state law claims.

### 2.   A Plaintiff Cannot Avoid Removal Simply By Joining State Law Claims

Robles also incorrectly argues that a plaintiff can avoid removal of federal claims to federal court by joining state law claims, so long as "alternative state law theories exists for *each* of those claims."  Motion at 9.  Robles' assertion is based upon a fundamental misunderstanding of federal question jurisdiction.  Neither of the two cases cited by Robles involved a complaint with federal law claims (claims with original federal jurisdiction based upon federal statutes).  Instead, each case concerned a complaint limited to state law claims that the defendants argued could be removed as "arising under" federal law because those state law claims raised substantial questions of federal law.  *Duncan v. Stuetzle* (9th Cir. 1996) 76 F.3d 1480, 1484-86, 1491 (an alleged trademark claim under 28 U.S.C. § 1338); *Dixon v. Coburg Dairy, Inc.* (4th Cir. 2004) 369 F.3d 811, 816 ("Dixon's cause of action was created by South Carolina law not federal law, [so] we must determine whether this case is within the 'small class of cases where, even though the cause of action is not created by federal law, the case's resolution depends on resolution of a federal question sufficiently substantial to arise under federal law within the meaning of 28 U.S.C. § 1331").

There is no such difficulty of determining whether a federal question exists in this case.  Robles' complaint alleges two very clear federal claims under Title VII in his First and Second Causes of Action, citing specifically and repeatedly to the federal statute under which he seeks redress.  Complaint [Dock. 1.1], ¶¶ 7-14.  This claims create original jurisdiction in the federal court.  As a result, the Court has no need to examine the state law claims to determine whether the resolution of a question of federal law is essential to those claims.

GRESHAM|SAVAGE
ATTORNEYS AT LAW
3750 UNIVERSITY AVE.
STE. 250
RIVERSIDE, CA 92501-3335
(951) 684-2171

15
**DEFENDANT AGRESERVES, INC.'S OPPOSITION TO PLAINTIFF'S
MOTION FOR REMAND TO STATE COURT**

A915-000 -- 1361313.3

## F.     THERE IS NO BASIS FOR THE REQUESTED RULE 11 SANCTIONS

Robles has requested "that sanctions [be] issued against Defendant AgReserves, Inc. and its counsel for hastily removing this case to Federal Court without diversity of citizenship and federal question."  Motion at 13.  As set forth herein, AgReserves did not remove on diversity grounds and it is indisputable that a federal question exists as a result of Roble's claims pleaded under Title VII of the Civil Rights Act of 1964.  Accordingly, there is no basis for Rule 11 sanctions against AgReserves or its counsel as AgReserves did have an "objectively reasonable" basis for removal.  *Martin v. Franklin Capital Corp.* (2005) 546 U.S. 132, 140; 28 U.S.C. § 1447(c).

## IV.  CONCLUSION

For the reasons set forth above, AgReserves requests that Robles' Motion to Remand be denied for all procedural and substantive reasons presented.  AgReserves further request that Robles' request for sanctions be denied under Rule 11 as having no valid basis.

Respectfully submitted,

Dated:  June 11, 2014                         GRESHAM SAVAGE NOLAN & TILDEN,
                                              A Professional Corporation


                                              By:     /s/ *Richard D. Marca*
                                                    Richard D. Marca
                                                    Jamie Wrage
                                                    Amy J. Osborne
                                                    Attorneys for Defendants,
                                                    AGRESERVES, INC. dba SOUTH VALLEY
                                                    FARMS, improperly named as SOUTH
                                                    VALLEY FARMS dba SOUTH VALLEY
                                                    ALMOND COMPANY, LLC.

GRESHAM|SAVAGE
ATTORNEYS AT LAW
3750 UNIVERSITY AVE.
STE. 250
RIVERSIDE, CA 92501-3335
(951) 684-2171

16
**DEFENDANT AGRESERVES, INC.'S OPPOSITION TO PLAINTIFF'S
MOTION FOR REMAND TO STATE COURT**

A915-000 -- 1361313.3

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF RIVERSIDE**

Re:   *Juan Carlos Robles v. AgReserves, Inc, et al.*
United States District Court Case No. 1:14-CV-00540-AWI-JLT

I am employed in the County of Riverside, State of California. I am over the age of 18 years and not a party to the within action; my business address is: 3750 University Avenue, Suite 250, Riverside, CA 92501-3335. On June 11, 2014, I served copies of the within documents described as **[TITLE]** on the interested parties in this action in a sealed envelope addressed as follows:

**See attached Service List**

[ ] **BY MAIL** - I am "readily familiar" with the firm's practice of collecting and processing correspondence for mailing. Under that practice, it would be deposited with the United States Postal Service on the same day in the ordinary course of business, with postage thereon fully prepaid at Riverside, California. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[X] **BY CM/ECF SYSTEM -** I hereby certify that I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the ECF registrants listed on the attached Service List.

[ ] **BY EXPRESS MAIL/OVERNIGHT DELIVERY** - I caused such envelope to be delivered by hand to the office of the addressee via overnight delivery pursuant to C.C.P. § 1013(c), with delivery fees fully prepaid or provided for.

[ ] **BY FACSIMILE** - I caused such document to be delivered to the office of the addressee via facsimile machine pursuant to C.C.P. § 1013(e). Said document was transmitted to the facsimile number of the office of the addressee from the office of Gresham Savage Nolan & Tilden, in Riverside, California, on the date set forth above. The facsimile machine I used complied with California Rules *of Court*, Rule 2003(3) and no error was reported by the machine. Pursuant to California *Rules of Court*, Rule 2009(i), I caused the machine to print a record of the transmittal, a copy of which is attached to this declaration.

[ ] **BY ELECTRONIC/EMAIL** - I caused such document to be delivered to the office of the addressee via electronic e-mail pursuant to C.C.P. §1013(a). Said document was transmitted to the email address of that office which is listed on the above Service List. Said document was served electronically and the transmission was reported as complete and without error.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 11, 2014, at Riverside, California.

_____/s/ *Linda Ramirez*_____
Linda Ramirez

GRESHAM|SAVAGE
ATTORNEYS AT LAW
3750 UNIVERSITY AVE.
STE. 250
RIVERSIDE, CA 92501-3335
(951) 684-2171

A915-000 -- 1361313.3

**SERVICE LIST**

Re:    *Juan Carlos Robles v. AgReserves, Inc, et al.*
       United States District Court Case No. 1:14-CV-00540-AWI-JLT

Karl Gerber, Esq. [kgerber@emplaw.net]        ***Attorneys for Plaintiff,***
Ann Guleser, Esq. [aguleser@emplaw.net]       ***JUAN CARLOS ROBLES***
EMPLOYMENT LAWYERS GROUP
13418 Ventura Boulevard
Sherman Oaks, CA  91422
*Telephone:*  (818) 783-7300
*Facsimile:*  (818) 995-7159


A copy to chambers is to be delivered as follows:

Hon. Anthony W. Ishii (courier delivery)
United States District Court – Eastern District
Robert E. Coyle US Courthouse
2500 Tulare Street, Eighth Floor
Fresno, CA  93721

Hon. Jennifer L. Thurston (via U.S. Mail only)
United States District Court – Eastern District
510 19th Street, Suite 200
Bakersfield, CA  93301

PROOF OF SERVICE