UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CARLOS ROBLES,<br><br>Plaintiff<br><br>v.<br><br>AGRESERVES, INC., et al.,<br><br>Defendant<br><br>AND RELATED COUNTERCLAIM | CASE NO. 1:14-CV-0540 AWI JLT<br><br>CLARIFICATION FOLLOWING SUMMARY JUDGMENT AND RECEIPT OF PROPOSED JURY INSTRUCTIONS AND VERDICT FORMS |

On January 27, 2016, the Court issued an order that granted in part and denied in part Defendants' motion for summary judgment. See Doc. No. 57 ("OMSJ"). Late yesterday, the Court received the parties' latest proposed jury instructions (both joint and separate) and a proposed verdict form from Defendants (the Court previously received a proposed verdict form from Plaintiff). Although a number of jury instructions are joint instructions, the Court has substantial concerns because both parties have requested instructions that are inconsistent with the summary judgment order. Because trial is set to begin on March 22, 2016, the Court believes that a clarification of the issues in this case is appropriate.

First, both parties have submitted instructions regarding the status of George Campo under Title VII, that is whether Campo was a supervisor. However, as part of the OMSJ, the Court held that the evidence failed to show that Campo met the Title VII definition (as explained by *Vance v. Ball St. Univ.*, 133 S.Ct. 2434 (2013)) of a "supervisor." The Court therefore found no liability for Title VII harassment based on Campo being a "supervisor." See OMSJ at 45:17-18. In light of

this ruling, the Court does not intend to give any jury instructions regarding Title VII harassment by a supervisor.

Second, the parties' submissions indicate that Plaintiff is attempting to pursue an intentional infliction of emotional distress ("IIED") claim against Agreserves for the conduct of Jay Payne.  The Court granted summary judgment in favor of Agreserves on an IIED claim based on Payne's false imprisonment.  See OMSJ at 66:11-14, 68:18.  Therefore, the Court does not intend to give any jury instruction relating to IIED claims based on false imprisonment conduct by Payne.[1]  See id.

Third, the parties' submissions are unclear about an IIED claim against Campo.  In the OMSJ, the Court held that there was a viable IIED claim against Campo based on the same conduct that constituted religion harassment.  See OMSJ at 37:7-39:22.  The Court also held that Agreserves could potentially be vicariously liable for the IIED claim against Campo.  See id. at 66:28-67:8.  The parties will clarify whether there is still an IIED claim against Campo, or whether Plaintiff is only pursuing the claim against Agreserves on a vicarious liability basis.

Fourth, it appears that Plaintiff is attempting to obtain state law punitive damages against Agreserves based on the conduct of Campo and (at least in part) on Campo being a managing agent.  Under California law, "managing agents" are "those corporate employees who exercise substantial independent authority and judgment in their corporate decision-making so that their decisions ultimately determine corporate policy."  White v. Ultramar, Inc., 21 Cal.4th 563, 566-67 (1999).  These are corporate policies that "affect a substantial portion of the company and that are the type likely to come to the attention of corporate leadership."  Roby v. McKesson Corp., 47 Cal.4th 686, 714 (2009).   Here, however, the evidence submitted during the OMSJ demonstrated that Campo was a foreman who had very limited authority.  See OMSJ at 45:17-28.  The evidence submitted does not come close to suggesting that Campo was a "managing agent," as that term is understood in California.  See Taylor v. Trees, Inc., 58 F.Supp.3d at 1092, 1106-07 (E.D. Cal. 2014); White, 21 Cal.4t h at 566-67; Roby, 47 Cal.4th at 714.  Therefore, the Court does not

---

[1] The Court did find, however, that Agreserves could be liable to Robles for IIED if the jury determined that Robles was terminated because of his national origin.  See OMSJ at 66:28-67:8.  Such an IIED claim remains viable.

1  intend to give any jury instruction that would permit a finding that Campo is a "managing agent."
2       Fifth, Plaintiff is pursuing a claim for wrongful discharge in violation of public policy
3  claim.  Based on the arguments and evidence presented, the Court held in the OMSJ that Plaintiff
4  had a viable wrongful discharge claim based on being discharged based on national origin animus.
5  See OMSJ at 64:7-16.  As part of the Plaintiff's submissions, Plaintiff indicates that he is pursuing
6  a wrongful discharge claim based on national origin and complaints to Agreserves about national
7  origin discrimination.  However, in the OMSJ, the Court granted summary judgment in favor of
8  Agreserves on Plaintiff's Title VII national origin retaliation claim, and also granted summary
9  judgment on wrongful termination claims based on Title VII retaliation.  See id. at 43:21-44:9,
10 63:28-64:6.  With respect to Title VII national origin retaliation, Plaintiff argued in opposition to
11 summary judgment that he complained to Payne about Payne saying "fucking Mexican" and
12 complained to someone about Campo saying "stupid Mexican."  See id. at 43:21-44:9.  The Court
13 found that the evidence cited in support of Plaintiff's assertion that he had complained about
14 Payne saying "fucking Mexican" did not actually support the assertion.  See OMSJ at 43:21-44:9.
15 The Court also found insufficient evidence regarding complaints of Campo saying "stupid
16 Mexican" because the relevant portions of Robles's declaration had been stricken.  See id.
17 Therefore, the Court granted summary judgment in favor of Agreserves on the Title VII national
18 origin retaliation claim.  See id.  Permitting Plaintiff to pursue a state law wrongful termination
19 claim based on what amounts to the same summarily adjudicated Title VII retaliation claim is
20 inconsistent with the summary judgment order.  See id. at 43:21-44:9, 63:28-64:6.  At the
21 appropriate time, Plaintiff was unable to demonstrate that he was terminated in connection with
22 complaints about national origin discrimination/national origin statements by Payne.  Therefore,
23 the Court does not intend to give instructions relating to any complaints by Robles of national
24 origin discrimination.
25       Sixth, from the proposed verdict forms, it is not clear to the Court whether a FEHA
26 harassment/hostile work environment claim based on religion against Agreserves is being pursued.
27 In addition to clarifying whether an IIED claim against Campo is being pursued, the parties shall
28 clarify whether a FEHA religion harassment claim against Agreserves is being pursued.

In light of these clarifications and observations, the Court will makes itself available for a telephonic conference during the afternoon of March 21, 2016 if the parties wish to raise concerns or address the above matters further.  If they wish to have a telephonic conference, they are to contact the Court as soon as possible.  Alternatively, the parties may briefly address these issues on the morning of March 22, 2016, but the parties are advised that the Court does not intend to make the jury panel wait for a significant period of time.  Finally, the parties shall file a notice of clarification no later than 11:00 a.m. on March 21, 2016 that clarifies whether an IIED claim against Campo and a FEHA religion harassment claim against Agreserves are being pursued in this matter.  Failure to timely respond (i.e. by 11:00 a.m. on March 21, 2016) will be construed as a representation that no IIED claim against Campo and no FEHA religion harassment claim against Agreserves are it issue, and no instructions relating to such claims will be submitted to the jury.

IT IS SO ORDERED.

Dated:  March 18, 2016

SENIOR DISTRICT JUDGE